# Bowers's Appeal.

The power of the Orphans' Court to set aside a sale of real estate made in pursuance of its own order is a matter that rests within the sound discretion of said court, and its exercise, as a general rule, will not be reviewed unless the record shows palpable and gross abuse.

May 16th 1877. Before AGNEW, C. J., SHARSWOOD, MERCUR, GORDON, PAXSON, WOODWARD and STERRETT, JJ.

Appeal from the Orphans' Court of *Perry county :* Of May Term 1877, No. 212.

Appeal of Alice Bowers from the decree of the court refusing to set aside the sale of the real estate of her father, Finley Bowers, deceased.

The personal estate of the decedent, amounting to $700, by appraisement, being insufficient to pay his debts, which amounted to $2515.28, his administrator petitioned the Orphans' Court for an order to sell the real estate.

The court made the order to sell but no sale could be effected for want of purchasers until upon the third pluries order, when it was sold to the highest bidder for $1626. Before the confirmation of the sale by the court, four of the heirs of the decedent, among them the appellant, excepted to the confirmation and asked that the sale be set aside on the ground that the property was sold below its value ; that before the purchaser had received his deed he had resold it for a greater sum than he paid ; and because the property could be sold for $2000. A son-in-law of decedent also petitioned the court to set aside the sale, because the property could be sold for several hundred dollars more, and averred that he could obtain a responsible bidder who would give $2000 therefor. Accompanying this petition was an agreement under seal signed by George Wanner that if the property was again offered for sale he would bid that

amount, to which agreement was appended a certificate, signed by four other citizens, of the financial responsibility of Wanner.

The court overruled the exception, dismissed the petition and confirmed the sale, which action was the error assigned by Alice Bowers, who took this appeal, for which the chief justice of the Supreme Court granted a special *allocatur*.

*W. N. Seibert*, for appellants.—The decree of confirmation of the Orphans' Court sale, ended the case in the court below, and was therefore a final decree: Hilbish *v.* Catherman, 10 P. F. Smith 444; Vensel *v.* Colner, 1 Weekly Notes 57; and hence under the provisions of the Act of 29th March 1832, Pamph. L. 213, § 59, an appeal lies to this court. Furthermore, the confirmation of sale divesting the heirs of title, at their hands an appeal lies directly: Robinson's Appeal, 12 P. F. Smith 213, which was heard unquestioned upon a direct appeal from decree of confirmation of sale, divesting title of heirs, by the Orphans' Court. But to be certainly right and within the ruling of Haslage's Appeal, 1 Wright 440, a special *allocatur* was applied for and granted.

It is conceded that what we are asking to have reviewed here lies within the discretion of the Orphans' Court, and that in Haslage's Appeal, *supra*, this court has said they will not review said court as to the exercise of their discretion except where wrong is great and manifest. We contend however that this is a case to invoke the revision of this court so that the interest of the heirs at law as well as the creditors may be protected.

*W. A. Sponsler*, for appellee.—This court will not review the exercise of discretion, unless it appears on the face of the record that there was a palpable and gross abuse thereof: Neeld's Appeal, 20 P. F. Smith 113; and also see Helfenstein *v.* Leonard, 14 Wright 462; North Pennsylvania Railroad Co. *v.* Davis & Leeds, 2 Casey 238; Hudson's Appeal, 3 Id. 47; Neil *v.* Tate, Id. 208.

Mr. Justice PAXSON delivered the opinion of the court, May 28th 1877.

The power of the Orphans' Court to set aside a sale of real estate made in pursuance of its own order, for inadequacy of price, is well settled. It is frequently done when security is offered that the property will bring a higher price at a re-sale. This power has been recognised by this court in Hays's Appeal, 1 P. F. Smith 58; Brown's Appeal, 18 Id. 53. It by no means follows, however, that because the power exists, it is to be exercised in all cases. It is a matter that rests in the sound discretion of the Orphans' Court. As a general rule this court will not review an exercise of discretion unless the record shows palpable and gross abuse: North Pennsyl-

[Bowers's Appeal.]

vania Railroad Co. *v.* Davis, 2 Casey 238 ; Hudson's Appeal, 3 Id. 47 ; Neil *v.* Tate, Id. 208 ; Helfenstein *v.* Leonard, 14 Wright 462 ; Neeld's Appeal, 20 P. F. Smith 113.    In this case the real estate was sold for $1626.    Prior to confirmation it was ascertained that $2000 could be had for it; in fact a responsible bid for that amount was tendered in case of a re-sale.    The Orphans' Court, notwithstanding this offer, confirmed the sale.    We are not sure that this was a wise exercise of its discretion.    The question for our consideration, however, is whether the confirmation of the sale was such a palpable abuse of its discretion as to justify our interference. We are not clear that it was.    Repeated efforts had been made to sell this property without success, and it was sold at last upon a third pluries order.    It was a sale for the payment of debts, and creditors who are delayed in the collection of their money are entitled to some consideration as well as heirs.    It also appears from the record that even if the property were sold for $2000 the estate would not more than pay the debts, leaving nothing for the heirs, who are the parties seeking to have the sale set aside.    The creditors, who are the only parties practically interested in the matter, make no complaint.    If they prefer prompt payment of a part of their money to a larger dividend accompanied with delay, the court below did no wrong to the heirs at law in confirming the sale. There would be nothing for them in either event.

The decree is affirmed, and the appeal dismissed; the costs to be paid by the appellant.