# Ludwig's Estate.

*Decedents' estates—Agreements of sale—Repudiation.*

Where one has agreed to purchase certain real estate from the heirs of a deceased owner, and an order has been made by the orphans' court directing the administrators of decedent to convey, as trustees and ratifying and confirming the sale, and it later appears that the grantee failed to pay the balance of the purchase price due, it is within the discretion of the court to vacate the order confirming the sale, and to direct that the property be sold at public sale. The purchaser, under such circumstances, will not be entitled to have the money, paid on account, returned to him pending the outcome of the second sale.

The order of the orphans' court did not have the effect of rescinding the contract, and releasing the purchaser from liability for the difference between his bid and the price for which the property might subsequently be sold.

Argued March 10, 1920.    Appeal, No. 94, October Term, 1920, by Herbert R. Green from decree of O. C. Berks County, vacating and setting aside a previous or-

der and confirmation of sale and awarding an order of resale in the estate of Amanda Ludwig, deceased. Before ORLADY, P. J., PORTER, HENDERSON, HEAD, TREXLER, KELLER and LINN, JJ.    Affirmed.

Petition to vacate and set aside an order of sale. Before SCHAEFFER, P. J.

The opinion of the Superior Court states the case.

The court made the following order:

"And now, to wit:  April 26, 1919, the above rule having come on for final hearing, and the court having heard the proofs and allegation of the parties after due consideration, do hereby make the rule heretofore granted absolute.

"It is ordered and decreed that the order of March 30, 1918, ratifying and confirming sale of real estate of above named decedent to Herbert R. Green, be and the same is hereby vacated and set aside; and it is further ordered and decreed that an order of sale be and is hereby awarded for the premises described in the said proceedings for the purposes of distribution, as in cases of proceedings in partition, under the act of assembly in such case made and provided......"

*Error assigned* was the order of the court.

*Dwight M. Lowery,* and with him *Ralph Edenharter* and *John M. Frame,* for appellant.

*Joseph R. Dickinson,* for appellee.

OPINION BY KELLER, J., April 24, 1920:

The appellant agreed to purchase certain real estate from the heirs of Mary Amanda Ludwig, deceased, for the sum of $3,010, and paid $301 down money to their attorney. Subsequently it developed that by reason of the lunacy of the husband of one of the heirs a good title could not thus be conveyed, and all the heirs then joined

in a petition to the orphans' court praying for an order ratifying and confirming the sale thus made and directing the administrators of said decedent as trustees to convey the said premises to the appellant on or before April 1, 1918, upon payment to them, for purposes of distribution, of the balance of said purchase price, $2,709, which order was made as prayed for and security duly entered by the administrators.

The administrators subsequently presented a petition to the orphans' court setting forth that the appellant had failed to pay the balance of the purchase money in accordance with said contract and order of sale, and praying that by reason thereof the order ratifying and confirming the said sale to the appellant be vacated and set aside, the contract of sale rescinded and an order for the resale of said real estate at public sale be granted. An answer was filed by the appellant and a hearing had before the court, which, after due consideration, ordered and decreed that the order ratifying and confirming the sale of said real estate to the appellant be vacated and set aside, and that the said premises be resold at public sale. The court entered no order rescinding the contract of sale. The appellant complains because the court, at the time of entering said order vacating and setting aside the order of confirmation of sale, did not direct the administrators to pay the appellant the down money of $301, which, so far as the proof shows, had not been paid to them, and the further sum of $450 which the appellant alleged he had paid on account to the same attorney, but contrary to instructions, and which was never received by the administrators.

The learned counsel for the appellant has cited a number of decisions as to the effect of an order rescinding a sale, which are not pertinent to this appeal, for the reason, as already pointed out, that the court made no such order. While the administrators, inadvertently no doubt, asked that the contract of sale be rescinded, the court confined its action to vacating and setting aside

the order confirming and ratifying the sale to the appellant. Such an order did not have the effect of rescinding the contract and releasing the purchaser from liability for the difference between his bid and the price at which the property might subsequently be sold: Banes v. Gordon, 9 Pa. 426; Com. v. Electric Co., 227 Pa. 7, p. 10; to enforce which liability was the purpose of the proceeding thus instituted by the administrators.

Nor are those cases applicable which hold that where a sale is set aside for gross inadequacy of price or without fault on the part of the purchaser, the court will order the administrator to return any cash payment that may have been made to him: Fricke's Est., 16 Pa. Superior Ct. 38; and reimburse the innocent purchaser for his expenses: Brown's App., 68 Pa. 53. It was the appellant's alleged default in paying the purchase money which necessitated a resale and any payments made by him to the administrators might properly be held awaiting the outcome of such resale.

We are not satisfied that in the exercise of its discretion in entering the order complained of there was any palpable or gross abuse such as to justify a reversal by this court: Williams's Est., 140 Pa. 187; Bowers's App., 84 Pa. 311; Haslage's App., 37 Pa. 440.

The order is affirmed at the costs of the appellant.