## Baton Coal Company Appeal.

Argued April 12, 1950. Before DREW, C. J., STERN, STEARNE, JONES and BELL, JJ. Argued September 27, 1950. Before DREW, C. J., STERN, STEARNE, JONES, LADNER and CHIDSEY, JJ.

*William A. Meyer*, with him *Herman M. Buck*, *Kountz, Fry, Staley & Meyer* and *Ray, Coldren & Buck*, for appellant.

*Jacob E. Horewitz*, with him *Clark W. Martin* and *J. K. Spurgeon*, for appellees.

OPINION BY MR. JUSTICE ALLEN M. STEARNE, November 13, 1950:

This appeal is from an order of the Court of Quarter Sessions of Fayette County declining to approve a proposed sale of coal lands of a county institution district.

Fayette County Institution District is the owner of 62.5 acres of coking coal situate in South Union Township. On December 30, 1949 the district, acting through the county commissioners according to applicable statutory provisions, decided to sell the unmined coal lands. The enabling act permitting the sale is the Act of 1937, June 24, P. L. 2017, sec. 305, 62 PS sec. 2255 (c), as amended by the Act of 1949, April 21, P. L. 704, 62 PS sec. 2255 (c) Supp. The modification by the amendment reads: "(c) With the approval of the Court of Quarter Sessions of the Peace, upon such notice as the court may require, to sell or lease real and personal property of the institution district."

Invitation to bid, by sealed bids, for the unmined coal was publicly extended by the commissioners and duly advertised. Sealed bids were received by them and opened on February 17, 1950. The Baton Coal Company, the appellant, submitted a sealed bid of $177,500 which was the highest and best bid. The bid was accompanied by a certified check for $50,000 down money. The bid was accepted by the district. In pursuance to the Act of 1949, supra, the commissioners petitioned the Court of Quarter Sessions to approve the sale. A date for hearing was fixed by the court. Notice was given to all parties as well as by publication. At the hearing testimony was submitted by appellant that the amount of its accepted bid was fair and adequate and in excess of the "top fair market value" of the coal. Two offers were submitted to the court by prospective purchasers which constituted substantial increases above appellant's bid. The court deferred approval or disapproval of the proposed sale in order that the commissioners should be given an opportunity for further consideration. At a subsequent hearing the commissioners reported that they had received a bid from one Dean D. Sturgis, Trustee, of $195,000 accompanied by a $50,000 deposit; another from Unity Coal Company for $196,-

000 with deposit of $50,000 and had also received an additional deposit of $18,500 from appellant, to be paid to the district in addition to the amount of its bid of $177,500 (if confirmed by the court), or a total of $196,000. The court in banc thereupon refused to approve the proposed sale for the amount of appellant's sealed bid of $177,500 and directed the Institution District to re-offer the coal lands for sale at a price not less than $196,000 in accordance with the procedure indicated in *McKees Rocks Borough School District Petition*, 360 Pa. 285, 62 A. 2d 20.

An appeal was then taken to this Court. At the argument, appellant contended that unless the amount of its sealed bid was *unfair and inadequate* such bid must be accepted. This Court remanded the record in order to ascertain "whether or not the highest sealed bid . . . constituted a fair and adequate price for said property . . ." and directed that ". . . for present purposes, no consideration or effect [was to] be given the offers for the property made after the sealed bids were opened [and accepted]. . . ." In pursuance to such order, further hearings were had in the court below. The court in banc, in a unanimous opinion by President Judge CARR, said ". . . we now find as a fact that the sum of $177,500 did not at the time constitute a fair and adequate price." With the entire record before us the case was reargued. The sole question is whether the court below properly exercised its discretion in refusing, in the above circumstances, to approve the sale to appellant for the amount of its sealed bid.

The problem presented to a court when required to confirm or approve a sale, and where a higher and better bid is presented to it before such confirmation or approval (in the absence of statutory provision), is what is the authority or duty of the court with respect to declining to confirm or approve the sale.

In *execution* sales, ordinarily the court has no concern over the amount realized: *Anna H. Stroup v. Charles N. Raymond,* 183 Pa. 279, 38 A. 626. Cf. *Pennsylvania Company for Insurances on Lives and Granting Annuities, to use, v. Broad Street Hospital,* 354 Pa. 123, 47 A. 2d 281; *Brereton Estate,* 355 Pa. 45, 57, 48 A. 2d 868; Restatement, Contracts, sec. 27, vol. I. Where there is *gross* inadequacy, however, see *Hettler et al., v. Shephard,* 326 Pa. 165, 191 A. 581; *American State Bank and Trust Company, for use, v. Mariades,* 328 Pa. 428, 196 A. 71; *Peoples-Pittsburgh Trust Company v. Blickle et al.,* 330 Pa. 398, 199 A. 213; *Miners National Bank of Wilkes-Barre v. Bowman,* 334 Pa. 534, 6 A. 2d 286.

Where a sale was by a fiduciary possessing a power of sale, and where a *court* was not required to confirm the sale, it was the accepted doctrine in Pennsylvania that the mere presentation of a higher offer required the fiduciary to cancel the sale and sell to the higher bidder. This rule was abolished by the Legislature and statutory provision substituted: *Orr's Estate,* 283 Pa. 476, 129 A. 565; *Kane et al. v. Girard Trust Company et al.,* 351 Pa. 191, 40 A. 2d 466; Act of May 24, 1945 P. L. 944, 20 PS 818; *Brereton Estate,* 355 Pa. 45, 48 A. 2d 868.

A distinction exists between *judicial sales* which must be based upon an order, decree or judgment *directing* sale (and usually require confirmation) and *judicial assent* to a sale because of statutory requirement. There are numerous varieties of judicial sales such as bankruptcy, tax, foreclosure, fiduciary, partition, etc. Some partake of elements of sales in execution while others do not. Also there is a difference between a *judicial sale* and *judicial assent* to a sale: 31 Amer. Jur. p. 398 et seq.; 21 Amer. Jur. p. 92 et seq.

In the absence of statutory provisions, there are three doctrines concerning the effect of a higher offer

following a *judicial sale,* viz.: (a) confirmation will be refused (b) not sufficient ground alone for refusing confirmation (c) a matter for the discretion of the court. Annotation in 152 A. L. R., p. 530, cites numerous cases, in the Federal and State Courts, which adopt, with and without modification, one of the three doctrines. A reading of the cases will disclose conflicting judicial views concerning the equity of a successful bidder against the equity of the owners of the property. Or, perhaps it is a judicial policy to maintain confidence in *judicial sales* and induce bidding as against the desirability of obtaining the best price available.

The United States Court of Appeals (3rd Circuit) has adopted doctrine "(b)", supra, in judicial sales *in bankruptcy.* Receipt of a higher bid is *not* sufficient to refuse confirmation. The court requires, however, that the accepted bid must be free from *"unfairness, fraud or mistake, or gross inadequacy of price:" In re Stanley Engineering Corporation,* 164 F. 2d 316.

In Pennsylvania rule "(c)", supra, has always been the accepted rule. In judicial sales, where confirmation is required, the acceptance or refusal of a higher bid rests within the sound discretion of the court: *Demmy's Appeal,* 43 Pa. 155; *Hamilton's Estate. Hays's Appeal,* 51 Pa. 58; *Brown's Appeal,* 68 Pa. 53; *Bowers's Appeal,* 84 Pa. 311; *Myers's Estate. Myers's Appeal,* 192 Pa. 458, 43 A. 998; *Rosenberger v. Kuesel,* 292 Pa. 184, 140 A. 860; *Huff's Estate,* 299 Pa. 200, 149 A. 179; *Ludwig's Estate,* 74 Pa. Superior Ct. 250.

The present sale is NOT a judicial sale. It was not made upon a court order, decree or judgment. Judicial *assent* to the sale is required, however, by statutory provision. We agree with the learned court below that this case is governed by *McKees Rocks Borough School District Petition,* 360 Pa. 285, 62 A. 2d 20. That case related to a sale of unused and unnecessary school lands and buildings by a Borough School District

Board under the Act of May 11, 1939 P. L. 117, as amended, 24 PS Supp. 672a. The *directors* were given the choice of three methods of sale (a) public auction (b) sealed bids and (c) private sale, *with approval of the court*. The directors elected the latter method. After execution of a written contract of purchase a petition for *approval* was presented to the court. At a hearing, increased bids were made to the court. The court accepted the highest increased bid and *directed* the board to convey title. We reversed. It was decided that it was not a *judicial sale* and that the *court* possessed no power to direct or make the sale. Such duty, *under the statute,* rested exclusively with the school board. We held that the approval of the court rested upon its *sound discretion* (p. 290) : "The court possesses full discretion over the approval or disapproval of any proposed private sale. In this connection the court may consider the adequacy of an increased offer and require a sufficiently guaranteed assurance, if approval is denied, that any such substantially increased offer will be made to the board when the premises are again offered by it either at private sale, public sale, or upon sealed bids."

The sale of the present coal lands is under the Act of 1937, as amended by the Act of 1949, supra. As in the School District Act of 1939, supra, the *institution district* was granted the power to sell real or personal property, *"With the approval of the Court of Quarter Sessions of the Peace."* Such provision embraces *all* sales whether public, by sealed bids or private. Approval of the court, therefore, is essential in *all* sales. Approval of the *present* sale likewise rests within the sound discretion of the court.

In refusing to assent to the present sale there was no abuse of discretion. There appears not the slightest indication of judicial arbitrariness or capriciousness. The court in banc consists of experienced, able and in-

formed judges, residents of an important coal producing county, who are entirely familiar with coal lands in their judicial district. The court was obviously endeavoring to act in the best interest of the county. By declining to approve the sealed bid, the court has already insured an addition of $18,500 to the purchase price with a strong probability of securing an even greater increase. This is silent but eloquent proof of the justness and wisdom of its order, especially since appellant itself has already added that sum to the amount of its bid in order to equal the amount of the additional bid.

All possible doubt concerning the refusal to approve the original bid is eliminated when we consider that, following our direction, the unanimous finding of the court, fully supported by the testimony, is that the amount of appellant's sealed bid does not constitute a fair and adequate price for the coal land, measured as directed by our order. Such finding conclusively dispels any possible doubt concerning the justification of the court's refusal to approve the sealed bid.

The order of March 9, 1950, considered in connection with the augmented record, is affirmed at the cost of appellant.