## In re Sale of Northumberland County Lands

*Richard Henry Klein* and *Daniel F. Martini*, for petitioners.

*W. Irvine Wiest*, for exceptant.

FORTNEY, P. J., October 20, 1952.—The immediate issue for determination in this case is a procedural one. From the pleadings and the testimony, the following history appears.

The county commissioners, on November 5, 1951, presented a petition under the Act of May 21, 1937, P. L. 787, as amended, 72 PS §5878(*b*), seeking permission to sell at private sale certain lands acquired by the county at a county treasurer's sale for delinquent. taxes. The petition set forth the nature of the land to be sold, the price for which it was proposed to be sold, as well as a particular description of the premises. We directed that, after due advertisement and the reception of open bids until a specified time, a hearing be held on this petition December 10, 1951, for the purpose of approving the sale.

A new board of county commissioners was elected at the municipal election held November 6, 1951, who would assume office the first Monday of January 1952.

This new board of commissioners, at an informal meeting with the court prior to the date fixed for the approval of this proposed sale, represented that they had a bona fide offer of a higher price for the premises. They contended that since the petition to sell county land had been presented during the waning hours of the tenure of office of the former board, they, as incoming commissioners and trustees for the various taxing districts, were entitled to an opportunity to further investigate the matter. Accordingly, on the day fixed for the hearing for the approval of this sale, we made the following order:

"And now, December 10, 1951, the hearing scheduled to be held this day on the within private sale of county owned lands is, on the court's own motion, continued."

The matter thus remained until March 24, 1952, when the new board of commissioners presented a petition for permission to readvertise this land for sale and asked the court to fix a day for a hearing. We then directed that after due advertisement and the receiving of open bids by the county commissioners until 1 p.m., April 8, 1952, a hearing be held on the petition on April 14, 1952, for the purpose of considering the approval of the sale. The commissioners proceeded under this order to readvertise and to receive bids. At least one of the bids received was higher than the former bid. On the date fixed for hearing counsel for the proposed purchaser under the original petition appeared and verbally objected to a hearing on the ground, inter alia, that the court was without authority to make the order of March 24, 1952, authorizing a readvertising of this land. Counsel requested permission to file written objections and we continued the hearing to a day certain.

On April 28, 1952, written objections were filed. The relevant objection is as follows: The court has no

jurisdiction to entertain a petition for leave to re-advertise the premises but only to consider and ap-prove or disapprove the proposed sale to the original bidder.

On May 19, 1952, a hearing was held and testimony taken.

The act of assembly under which the original peti-tion for the sale of this land was presented (1937, supra, as amended) provides (72 PS §5878(b)):

"After the period for redemption has passed, such municipality may sell at private sale any real property purchased at tax sale or sale for municipal claim, and may, in effecting such sale, accept any sum less than the amount of all the taxes, municipal claims, penalties, and interest due, subject to the approval of the court of common pleas, upon petition, as hereinafter pro-vided."

The act further provides (§5878(d)) if, after such hearing, the court is satisfied that the proposed private sale is proper and to the advantage of all the munici-palities interested, it shall enter a decree approving such private sale and direct a conveyance of the prop-erty to the person or persons with whom the agreement has been made.

The question here for determination is whether the court, after an indefinite continuance on its own mo-tion of a hearing for the approval of a private sale of county owned lands, may direct a readvertising of said property and the reception of further bids, without ap-proving or disapproving the original proposed bid. There is no such specific authority granted in the act. In Baton Coal Company Appeal, 365 Pa. 519, the Fay-ette County Institution District, acting through the county commissioners, decided to sell unmined coal lands. The court refused to approve the proposed sale for the reason that at the time of hearing prospective purchasers submitted bids which constituted substan-

tial increases in price and directed that the district reoffer the coal lands for sale and invite further bidding. While the proceeding in that case was under a different act of assembly, the procedure, we believe, should apply to the instant case. In the instant case, the court is without authority to receive bids as in a judicial sale. The original proposed purchaser executed a written contract of purchase and a petition for approval was presented to the court. The only duty imposed upon the court was to approve or disapprove the sale and this is a matter of discretion. See Imperial Cardiff Coal Company Appeal, 156 Pa. Superior Ct. 301. We conclude that the original proposed purchaser has the right to have his bid acted upon before any readvertising should be permitted. Hence, the following

*Order*

And now, October 20, 1952, the first exception is sustained. It is directed that all proceedings had under the petition of March 24, 1952, be declared void and of no effect.