In Re: Lease of Coal on County Lands Situate in Hempfield Township, Westmoreland County, Pennsylvania. Appeal of Fred Fiore, Aggrieved Party. Fred Fiore, Appellant.

Argued May 6, 1976, before President Judge Bow-
MAN and Judges MENCER and ROGERS, sitting as a panel
of three.

*Edward P. Zemprelli,* for appellant.

*Irving L. Bloom,* for appellee, County of West-
moreland.

*Thomas Anton,* for intervening appellee, Weiss
Bros.

OPINION BY JUDGE ROGERS, July 16, 1976:

This is an appeal by Fred Fiore, owner of Fiore
Coal Company, from an order of the Court of Common
Pleas of Westmoreland County denying a petition
for approval of a lease for the mining of coal on land
located within Westmoreland County's Institution Dis-
trict. We reverse and remand.

On February 13, 1975, the Westmoreland County Commissioners directed the county solicitor to prepare an advertisement for strip mining and deep mining of coal on certain county-owned lands. The advertisement specified that each bidder would submit bids in alternate form, either to pay the County on a price per ton basis or on the basis of a percentage of the sale price of the coal, and that no bid would be considered unless it contained bids for both strip mining and deep mining. The County reserved the right to reject any or all bids. On April 24, 1975, after several bids were submitted in response to the advertisement, the Commissioners authorized the solicitor to contract with Weiss Brothers Leasing, Inc. (Weiss) for the drilling and test boring on the coal site. Whether a contract of this nature was ever executed we do not know. On July 24, 1975, the Commissioner unanimously agreed to award the lease for mining of coal on the site to Fiore on a percentage basis with a minimum price of not less than $5.27 per ton.[1] Fiore's bid, as amended, was clearly the best bid. The Commissioners then petitioned the Court of Common Pleas for approval of the Fiore bid, as required by Section 2306 of The County Code.[2] On September 19, 1975, the date fixed for hearing, the lower court en banc engaged in an extended colloquy with counsel representing Fiore, several disappointed bidders and a newly appointed county solicitor. On the same day as the so-called hearing the court below entered a brief order disapproving the award of the lease to Fiore for the following reasons:

---

[1] Fiore's first bid, entered March 18, 1975, was for $5.11 per ton or 21% per ton sale. Apparently, sometime afterward, private negotiations resulted in the guarantee to the County by Fiore of $5.27 per ton.

[2] Act of August 9, 1955, P.L. 323, *as amended*, 16 P.S. §2306.

"1) Confusion in advertising.

"2) Irregularity in accepting bids of two bidders.

"3) The approval of this sale would not be in the best interest of the people of Westmoreland County." Fiore has appealed from that order.

The Westmoreland County Commissioners appear before this Court in the anomolous position of supporting the denial by the lower court of their own petition for approval of the Fiore bid. The Commissioners defend their present position by asserting that confusion existed during the bidding procedure.[3] Weiss, an intervenor, asserts that its bid, having been the first accepted by the Commissioners, should be considered the only valid bid and therefore requests us to remand the matter to the lower court to enable it to pass on the Weiss bid. Fiore contends that the Commissioners wanted Weiss only to make test borings and that he, Fiore, had been awarded the mining lease. Fiore says that the lower court abused its discretion by disapproving the Commissioners' decision.

At the hearing no testimony was taken.[4] None of the documents, including the advertisement for bids, the bids received, and the Commissioners' minutes, were introduced into evidence during the hearing;

---

[3] After the lower court disallowed the Fiore bid, the Commissioners petitioned the lower court for approval of the Weiss bid. A writ of supersedeas from this Court prevented the lower court from considering that petition. Subsequently, the Commissioners directed their solicitor to withdraw all petitions and now take the position that the matter is moot. It is inconceivable that such unilateral action in the face of a supersedeas order can have any such effect.

[4] Fiore offered as a witness one of the Commissioners, a petitioner, apparently in support of the reasonableness and regularity of the Board's award to Fiore. Although the formal offer was not made until after the court announced its order, we view this irregularity inconsequential in light of the informality of the proceedings.

nor are they in the record certified from the court below. (The appellant has filed a so-called supplemental record containing papers purporting to be these documents.)

Section 2306 of The County Code, 16 P.S. §2306, provides:

"The Board of Commissioners may sell or lease . . . any real property belonging to the county. . . . In the event of such sale, or of a lease as lessor under which the lessee acquires on a royalty basis or otherwise the right to drill for oil or gas or to mine or remove coal, stone or other mineral products . . . the commissioners shall petition the court of common pleas, setting forth a description of the property to be sold or leased and the reason therefor. . . . The court shall thereupon fix a day for hearing, notice of which shall be given in at least two newspapers in said county, of general circulation, once a week for three consecutive weeks. *After hearing,* the court shall make such order and decree as shall seem right and proper. . . ." (Emphasis supplied.)

The proceeding below involved issues of fact and the court below decided this case on facts (confusion in advertising, irregularity in accepting bids and the best interest of the community) without any facts on the record.

It is true that the power conferred upon the Commissioners by Section 2306 is discretionary, and when public officials take action in discretionary matters a presumption arises that they are properly acting for the public good. *Parker v. Philadelphia,* 391 Pa. 242, 137 A.2d 343 (1958). Normally they may not be restrained from acting absent allegation and proof of fraud, misconduct, abuse of discretion, or capricious and arbitrary conduct. *Hyam v. Upper Montgomery Joint Authority,* 399 Pa. 446, 160 A.2d 539 (1960). However, Section 2306 requires that the court, in ap-

proving the lease, exercise its sound discretion as well. *See Baton Coal Company Appeal,* 365 Pa. 519, 76 A.2d 194 (1950), and *McKees Rocks Borough School District Petition,* 360 Pa. 285, 62 A.2d 20 (1948). Judicial discretion must be exercised upon the facts before the court after a full hearing and due consideration. *Philadelphia County Grand Jury Investigation Case,* 347 Pa. 316, 32 A.2d 199 (1943). No record was developed by the court below upon which it could properly perform its function.

Therefore, we enter the following:

ORDER

AND Now, this 16th day of July, 1976, the decision of the lower court is reversed and the matter is remanded for an evidentiary hearing and decision on facts established on the record as the law requires.