In Re: Lease of Coal on County Lands Situate in Hempfield Township, Westmoreland County, Pennsylvania. Fred Fiore, Aggrieved Party, Appellant.

Argued May 4, 1978, before Judges MENCER, ROGERS and DISALLE, sitting as a panel of three.

494

*Richard H. Galloway,* with him *Ackerman & Galloway,* and *Edward P. Zamprelli,* for appellant.

*Irving L. Bloom,* Solicitor, for appellee, County of Westmoreland.

*Richard F. Pohl,* for intervenor.

OPINION BY JUDGE ROGERS, July 10, 1978:

Fred Fiore, owner of Fiore Coal Company, has appealed for the second time from an order of the Court of Common Pleas of Westmoreland County denying the prayer of a petition of the County Commissioners for the court's approval of a proposed lease to him of county owned lands for coal mining purposes. On the occasion of the earlier appeal we reversed an order of the court below refusing approval of a proposed lease to Fiore and remanded the record for an evidentiary hearing. *In Re: Lease of Coal on County Lands Situate in Hempfield Township, Westmoreland County, Pennsylvania,* 25 Pa. Commonwealth Ct. 530, 360 A.2d 849 (1976). In response to our order the court below conducted evidentiary hearings and thereafter again refused approval of the proposed lease. That action is the subject of this appeal.

In the opinion accompanying our order when the matter was last before us, we set forth what then appeared to be the circumstances. Since a hearing has been conducted and an evidentiary record made, we will here recite the facts surrounding this lamentable imbroglio. The Commissioners of Westmoreland County by public advertisement invited the submission on or before March 18, 1975 of bids for the mining of coal by strip mining and by deep mining on county land. The advertisement required that bids should be submitted in the form of two alternates for payment: (1) payment based on tonnage of coal removed, or (2) payment based upon a percentage of the per ton sale price of the coal by the contractor. The invitation included the following provision which caused some, if not most, of the trouble which ensued:

Investigation as to the location and amount of coal on the premises shall be at the cost of the bidder. If, after investigation, the highest responsible bidder determines, at that bidder's option, that it is not economically feasible to mine the said coal, the County Commissioners shall excuse that bidder and offer the bid to the next highest responsible bidder, and so on.

Nine bids were submitted for the work. The two with which we are here concerned were those of the appellant Fiore in the amount of $5.11 per ton of coal or 21% of the per ton sale price of coal, and of Weiss Brothers Leasing, Inc. in the amount of $5.27 per ton of coal or 13.17% of the per ton sale price of the coal. On April 24, 1975 the commissioners made an award to Weiss Brothers of the right of "drilling and test boring on the site." The county solicitor testified that it was his understanding of the April 24, 1975 action of the commissioners that all of the bidders were to be accorded the right to perform drilling and test boring operations. Weiss Brothers, however, adduced

testimony to the effect that the county solicitor advised them to draw up a lease under which they might mine the coal. A lease was prepared by Weiss Brothers and submitted to the county commissioners. It has never been executed.

On July 24, 1975 the commissioners unanimously adopted a resolution awarding the right to mine the property under lease to the appellant Fiore at a price of $5.27 per ton, or 21% of the per ton sales price. It is to be noted that the per ton price of $5.27 is not that originally bid by Fiore ($5.11 per ton), but that it is the same per ton amount offered by Weiss Brothers. The percentage of sales price per ton at which the proposed lease was awarded to Fiore was that offered by Fiore and one which is considerably in excess of the amount bid by Weiss Brothers (13.17%). No reference to any prior dealings with Weiss Brothers appears to have been made when this resolution was adopted.

The commissioners next caused to be prepared and to be presented to the Court of Common Pleas of Westmoreland County their petition asking the court's approval of a proposed lease to Fiore on the terms fixed in their resolution of July 24, 1975, pursuant to Section 2306 of The County Code, Act of August 9, 1955, P.L. 323, *as amended*, 16 P.S. §2306. As we have noted, the court below disapproved of the award of the proposed lease agreement to Fiore. This action of the court below was taken on September 19, 1975. Fiore then appealed to this Court. While the matter was pending here the commissioners undertook: (1) on October 9, 1975, without taking any action to rescind their award to Fiore, to award the lease to Weiss Brothers for their original bid, $5.27 per ton or 13.17% of per ton sales price; (2) at some undisclosed time after October 9, 1975, to petition the court below to approve the award of a lease to Weiss

Brothers; and (3) on December 31, 1975, to petition the court below for leave to withdraw both their petitions for the approval of leases.[1]

Section 2306 of The County Code, 16 P.S. §2306, requires commissioners proposing to lease as lessor the right to mine coal on county property to petition the court which "[a]fter hearing . . . shall make such order or decree as shall seem right and proper. . . ." The order which seemed right and proper to the court below in the circumstances hereinbefore described was one disapproving the proposed lease agreement with Fiore. The court below believed, and we agree, that there were a number of remarkable features of this contracting process which required its action of disapproval. First, there was a patent misunderstanding on the part of the commissioners, their solicitor and Weiss Brothers as to what was awarded to Weiss Brothers by the resolution of April 24, 1975—was it merely a right to drill and make test borings or was it a lease of mining rights? Their then solicitor, an able lawyer, did not consider that action as a present award of the right to mine the coal on the property; Weiss Brothers did and had a lease prepared. The quoted part of the invitation suggests that it might have been only an offer to Weiss Brothers to test the feasibility of mining the coal. Next, the process by which Fiore's bid per ton of coal in the amount of $5.11 became an award at a bid of $5.27 per ton is uncertain on the record—was it the result of private negotiations between one or more of the commissioners and Fiore, or was it, as one of the commissioners testified, a unilateral suggestion of this Commission-

---

[1] After the commissioners' action of October 9, 1975, Fiore filed an application in Commonwealth Court for supersedeas of the order then on appeal which we granted, and which had the effect of holding in abeyance the matter of the commissioners' petition for approval of the proposed Weiss Brothers' lease.

er? Further, except for the fact that Fiore has supported the county's petition for approval of a lease to him on the amended terms, there is no other record of his acquiescence in the increased price per ton. And then there are the actions of the Commissioners in later awarding the lease to Weiss Brothers on October 9, 1975 without rescinding the earlier award to Fiore, and finally, in apparent despair over the whole matter, seeking to withdraw both applications on December 31, 1975.

In our earlier opinion we remarked briefly on the law as follows:

It is true that the power conferred upon the Commissioners by Section 2306 is discretionary, and when public officials take action in discretionary matters a presumption arises that they are properly acting for the public good. Parker v. Philadelphia, 391 Pa. 242, 137 A.2d 343 (1958). Normally they may not be restrained from acting absent allegation and proof of fraud, misconduct, abuse of discretion, or capricious and arbitrary conduct. Hyam v. Upper Montgomery Joint Authority, 399 Pa. 446, 160 A.2d 539 (1960). However, Section 2306 requires that the court, in approving the lease, exercise its sound discretion as well. See Baton Coal Company Appeal, 365 Pa. 519, 76 A.2d 194 (1950), and McKees Rocks Borough School District Petition, 360 Pa. 285, 62 A.2d 20 (1948).

25 Pa. Commonwealth Ct. at 534, 360 A.2d at 851. We are fully satisfied that the court below in the circumstances of this case exercised a sound discretion in refusing to approve the proposed lease to Fiore.

Weiss Brothers, who intervened, suggest that we should affirm the order below so that the court of common pleas might take up the matter of the validity of what they assert was the award of mining rights

to them made by the Commissioners on April 24, 1975. The commissioners have never petitioned the court to approve their action of April 24, 1975 so that that matter is not and has never been before the court. It seems to us that what is properly before the court below with respect to this litigation, now that the proposed lease to Fiore has been disapproved, is the petition of the commissioners to withdraw their petition for approval of a proposed lease to Weiss Brothers. In view of the misadventures which have befallen the invitation instituted in 1975 and the fact that the bids then submitted are more than three years old, it would seem to us that the public interest would be best served by acceding to the commissioners' apparent intention to terminate this ill-starred venture.

Order affirmed.

Judge DiSalle dissents.

ORDER

And Now, this 10th day of July, 1978, the order below made August 19, 1977 is affirmed.