# Forsythe v. Franklin County Tax Claim Bureau

*Philip S. Cosentino,* for petitioner.
*John McD. Sharpe Jr.,* for respondent Franklin County Tax Claim Bureau.
*H. Anthony Adams,* for respondents.

KAYE, *J.,* October 4, 1990—The instant proceeding arises out of a sale of real estate situate in Lurgan Township, Franklin County, Pennsylvania by the Franklin County Tax Claim Bureau. Robert E. Forsythe (petitioner) alleges that the sale was defective as he was a co-owner of the real estate in question, and was not given actual notice thereof, nor did he have personal knowledge of the sale, until long after the sale was conducted. On July 31, 1990, the proceeding sub judice was initiated by petition to set aside the sale, and to grant petitioner further relief. A hearing thereon was conducted on September 17, 1990, at which only petitioner testified. Briefs have been filed and oral argument held on October 4, 1990. The matter is now before the court for resolution. Prior to discussing the law, applicable hereto, we will set forth the facts of the case.

On March 22, 1974, Marguerite E. Forsythe executed a deed by which she created a joint tenancy with right of survivorship in the real estate involved herein between herself and her son, petitioner herein. The deed creating this interest was recorded

on April 8, 1974, in the office of the Register of Wills and Recorder of Deeds of Franklin County at Deed Book, vol. 698, page 946, et seq. By their oral argument, Mrs. Forsythe, a widow, was to pay all bills and taxes affecting the real estate.

Petitioner enlisted in the U.S. Army on January 11, 1981, and remained in the Army through the date of the hearing. During the period of his service, petitioner served at various posts, and from 1987-88 was stationed at Darmstandt, Germany. While at this station, petitioner received a letter dated February 18, 1987, from H. Anthony Adams, Esquire, which read as follows:

"Dear Mr. Forsythe,

"Enclosed is a deed to convey the property owned by your mother back to her. I expect that this will be signed and notarized and returned to me by return mail.

"I have spoken with members of your family and understand that a great deal of influence was used to have your name placed on this property. If you do not sign off the property, an action will be commenced to have your interest declared null.

"I look forward to your response.

"Sincerely,

"H. Anthony Adams"

A copy of the deed referred to therein was enclosed. Petitioner did not reply to this letter.

A second letter dated June 11, 1987, which read as follows was sent to petitioner.

"Dear Mr. Forsythe,

"Please let me know your intentions in reference to my letter of February 18, 1987.

"Sincerely,

"H. Anthony Adams"

Once again, petitioner did not respond. In October 1988, Marguerite E. Forsythe died. Although

petitioner had close relatives living in the area, he was not notified of the death, and continued his twice yearly correspondence with his mother. Those letters were not returned to him.

In June 1987, the Franklin County Tax Claim Bureau, sent, via certified mail, a notice that the school taxes on the aforesaid real estate for 1986 were delinquent. The notice was mailed to Robert L. and Marguerite E. Forsythe, 134 E. King Street, Shippensburg, Pennsylvania, 17257, and the return receipt was signed by "Marguerite Forsythe."

In June 1988, the Franklin County Tax Claim Bureau sent, via certified mail, a notice that county, county library, township, and school real estate taxes on the aforesaid real estate for 1987 were delinquent. The notice was mailed to Marguerite E. and R. Forsythe, c/o Pat and Ross Keefer, 10450 Shale Road, Shippensburg, Pennsylvania, 17257, and the return receipt card, dated June 9, 1988, is executed by "M. Forsythe." (Testimony at the hearing identified Pat Keefer as petitioner's sister, and Ross Keefer as her husband.)

By notice dated July 1989, the Franklin County Tax Claim Bureau set forth that the real estate would be sold for unpaid real estate taxes on September 12, 1988, and set forth the approximate upset price as being $612.83. The notice, addressed Marguerite E. and Robert Forsythe at the address set forth in the immediate preceding paragraph, was sent via certified mail. The return receipt indicated "Cathy Keefer" as the recipient.

The real estate was sold at the upset price to Ross Z. Keefer Sr. on the date fixed for sale, and the sale was confirmed nisi by order of court dated September 26, 1988, with the sale to be confirmed absolutely if no exceptions were filed within 30 days. The Franklin County Tax Claim Office sent notice

thereof, via certified mail, to "Marguerite E. and Robert Forsythe" at the address set forth above. The return receipt indicates that the recipient was "M. Forsythe P/L(?)" and that the date of receipt was September 21, 1988.

On December 19, 1988, Mary Jane Lindsey, Director of the Franklin County Tax Claim Bureau, in its capacity of trustee, executed a deed conveying the real estate to Ross Z. Keefer Sr. On December 1, 1989, Ross Z. Keefer, executed a deed for a stated consideration of $1, to himself and Owen R. Keefer, as joint tenants with right of survivorship. That deed, recorded at Franklin County Deed Book, vol. 1068, page 563, identifies Ross Z. Keefer Sr. and Owen R. Keefer as parent and child.

Petitioner did not receive notice of the impending sale, nor of the actions set forth above which followed, until January 1990, when he contacted Attorney William R. Davis Jr., of Chambersburg, for the purpose of having Mr. Davis draft a deed to the real estate by which what he believed to be his sole interest in the real estate, he having learned of the death of his mother, to himself and his wife. Mr. Davis informed petitioner of the status of the title to the real estate, and the instant proceeding ensued.

Addressing the primary issue before the court, we must determine if the procedure regarding notice set forth above satisfies the notice requirements of the Real Estate Tax Sale Law, 72 P.S. §5860.101 et seq. For the reasons that follow, we find that it did not, and that the sale must be set aside.

With regard to notice of a tax sale in the instant setting, the law provides as follows:

"(a) At least 30 days prior to any scheduled sale the bureau shall give notice thereof, not less than once in two newspapers of general circulation in the county, if so many are published therein, and once

in the legal journal, if any, designated by the court for the publication of legal notices. Such notice shall set forth (1) the purposes of such sale, (2) the time of such sale, (3) the place of such sale, (4) the terms of the sale including the approximate upset price, (5) the descriptions of the properties to be sold as stated in the claims entered and the name of the owner. . . .

"(e) In addition to such publications, similar notice of the sale shall also be given by the bureau as follows:

"(1) At least 30 days before the date of the sale, by U.S. certified mail, restricted delivery, return receipt requested, postage prepaid, to *each owner* as defined by this act.

"(2) If return receipt is not received from *each owner* pursuant to the provisions of clause (1), then, at least 10 days before the date of the sale, similar notice of the sale shall be given by U.S. first class mail, proof of mailing, at his last known post office address by virtue of the knowledge and information possessed by the bureau, by the tax collector for the taxing district making the return and by the county office responsible for assessments and revisions of taxes. It shall be the duty of the bureau to determine the last post office address known to said collector and county assessment office." 72 P.S. §5860.602. (emphasis added)

"Owner" is defined as follows:

" 'Owner,' the person in whose name the property is last registered, if registered according to law, or, if not registered according to law, the person whose name last appears as an owner of record on any deed or instrument of conveyance recorded in the county office designated for recording and in all other cases means any person in open, peaceable and notorious possession of the property, as apparent owner or owners thereof, or the reputed owner or owners

thereof, in the neighborhood of such property; as to property having been turned over to the bureau under Article VII by any county, 'owner' shall mean the county.'' 72 P.S. §5860.102. (footnote omitted)

It is not disputed that petitioner is an "owner" of the real estate, nor that he is entitled to the notice requirement set forth above. While we understand that the respondents, Ross Z. Keefer Sr. and Owen R. Keefer, appear to agree that the notice requirements of the statute were not complied with, that agreement was somewhat equivocal, so we will briefly address that issue.

It is well-settled that the notice provisions of the law are to be strictly construed so as to ensure against deprivation of property without due process of law. *In re Tax Sale of 1980 Under Real Estate Tax Sale Law of 1947,* 78 Pa. Commw. 49, 466 A.2d 1112 (1983). Where there are joint owners of the real estate, notice of sale must be given to all owners. *Appeal of Marshalek,* 116 Pa. Commw. 1, 541 A.2d 398 (1988), *appeal denied,* 521 Pa. 632, 558 A.2d 533. The notice of sale in the instant case was addressed to both parties, but only a single notice was sent, and that went to the address at which petitioner's mother apparently was then residing.

The burden of proving compliance with the statutory notice provisions is on the tax claim bureau. *Geier v. Tax Claim Bureau of Schuylkill County,* 131 Pa. Commw. 321, 570 A. 2d 134 (1990). That burden has not been met, and it is clear that the sale that ·followed must be set aside by reason thereof, unless, as respondents, Ross Z. Keefer Sr. and Owen R. Keefer, urge, petitioner failed to act in this matter in a timely fashion, and that a statute of limitations will act as a bar to petitioner's cause of action.

The said respondents urge that the court find the instant sale was a "judicial sale," and that a six-

month statute of limitations is applicable. 42 Pa.C.S. §5522(b)(5). It is noted that petitioner had actual notice of the upset sale by January 16, 1990, and thus if we found that this provision were applicable, the instant proceeding, filed July 31, 1990, would have been approximately 15 days beyond the limit set forth in the statute.

Respondents' position ignores the statutory scheme set forth in the Real Estate Tax Sale Law. That statute provides for upset sale (which is what occurred herein) in the first instance. 72 P.S. §§5860.601-5860.609. If the upset sale price is not bid, the Tax Claim Bureau may sell the real estate via a private sale, 72 P.S. §§5860.613-5860.615, or by petition to the Court of Common Pleas for a judicial sale. 72 P.S. §§5860.610-5860.612.1.

The Supreme Court of Pennsylvania has distinguished between a "judicial sale," i.e. a sale which must be based upon an order or a decree directing the sale, and a situation in which there is "judicial assent" to a sale. *Baton Coal Company Appeal,* 365 Pa. 519, 76 A.2d 194 (1950). The instant proceeding was a sale conducted by the Tax Claim Bureau of Franklin County pursuant to its statutory authority and obligation set forth in the Real Estate Tax Sale Law. No order or decree of the court directed or authorized the sale, and the instant sale clearly was not a "judicial sale." See also, *In re Petition of Acchione,* 425 Pa. 23, 227 A.2d 816 (1967). Therefore, the statute of limitations relied upon by respondents is inapposite and we will grant petitioner's petition for relief.

Petitioner has requested in his petition that the court award counsel fees and expenses pursuant to 42 Pa.C.S. §2503 and punitive damages against respondents, Ross Z. Keefer Jr. and Owen R. Keefer. With this decision in favor of petitioner, we

will consider these issues upon motion for further hearing limited to these issues.

## ORDER OF COURT

Now, October 4, 1990, the petition of Robert L. Forsythe to file exceptions nunc pro tunc to tax sale is granted, and it is ordered and decreed that the deed to the Tax Claim Bureau of Franklin County, as trustee, to Ross Z. Keefer Sr. bearing date of December 19, 1988, and recorded at Franklin County Deed Book, vol. 1037, page 432, is set aside. Costs to be paid by respondents.