POLYDYNE, INC., Appellant,

v.

CITY OF PHILADELPHIA, Philadelphia Water Department and Wayne Laraway.

Commonwealth Court of Pennsylvania.

Argued March 13, 2002.
Decided April 4, 2002.
As Amended April 30, 2002.

Frank R. Emmerich, Jr., Philadelphia, for appellant.

Mark R. Zecca, Philadelphia, for appellees.

Before LEADBETTER, J., SIMPSON, J., and MIRARCHI, Jr., Senior Judge.

OPINION BY Judge LEADBETTER.

Polydyne, Inc. appeals from the final decree in equity of the Court of Common Pleas of Philadelphia, First Judicial District of Pennsylvania, denying Polydyne's request for a permanent injunction enjoining the City of Philadelphia's award of a public contract to Cytec Industries, Inc.[1]

1. The contract was for the purchase of poly-        mers, which the City's Water Department

On appeal, Polydyne alleges, among other things, that (1) the competitive bidding process was compromised because Wayne Laraway, the technical consultant hired by the City to assist in conducting pre-bid polymer trials and in evaluating the resulting data, had a conflict of interest in that he was a former employee of and owned in excess of $200,000 of stock in Cytec, the successful bidder, and (2) the manner in which bids were to be economically evaluated was changed without permitting the bidders to submit a new bid based upon the new formula for evaluation. While these contentions raise serious concerns regarding the integrity of the competitive bidding process at issue, we cannot reach the substantial public policy question at the heart of this controversy because of a jurisdictional defect.

Preliminarily, we note that the failure to join an indispensable party to a lawsuit deprives the court of subject matter jurisdiction. *Pennsylvania Game Comm'n v. K.D. Lumber Co., Inc.*, 654 A.2d 6, 9 (Pa.Cmwlth.1994). *See also O'Hare, III v. County of Northampton*, 782 A.2d 7, 13 (Pa.Cmwlth.2001). Whether a court lacks jurisdiction due to the failure to join an indispensable party may be raised at any time or *sua sponte*. *O'Hare*, 782 A.2d at 13. A party is deemed to be indispensable when "his or her rights are so connected with the claims of the litigants that no decree can be made without impairing those rights." *Vernon Township Water Auth. v. Vernon Township*, 734 A.2d 935, 938 n. 6 (Pa.Cmwlth. 1999). *See also Montella v. Berkheimer Assoc.*, 690 A.2d 802, 803 (Pa.Cmwlth. 1997).[2]

In the present case, the City argued before common pleas that Cytec was indispensable to the action. Common pleas disagreed, however, concluding that since the City would be advocating in favor of upholding the contract awarded to Cytec, Cytec's rights would be adequately protected. This was error. While the governmental entity awarding a bid may ordinarily be expected to wish to avoid having its contract upset, it is far from certain that in the crucible of litigation it will always zealously defend the interests of the prevailing bidder. Indeed, in some situations, it should not do so, for its duty is to its citizens and taxpayers, not its contract partners.

In *Zurenda v. Commonwealth*, 46 Pa. Cmwlth. 67, 405 A.2d 1124 (1979), a disappointed bidder on a public contract filed an equitable action in this court seeking to enjoin the award of the contract to Interstate Manufacturing and Leasing Company, the successful bidder. The Department of Community Affairs filed preliminary objections, which sought, among other things, to dismiss the complaint due to the failure to join Interstate, an indispensable party. This court agreed that the successful bidder was an indispensable party and dismissed the action with leave to plead over, joining Interstate.[3]

uses to treat and process solid waste. Polydyne, who provided polymers to the City under the prior contract, was one of four polymer manufacturers bidding on the contract.

2. In *Montella*, this court set forth the criteria to be considered in determining whether an absent party is indispensable:

1. Do absent parties have a right or interest related to the claim?

2. If so, what is the nature of the right or interest?

3. Is that right or interest essential to the merits of the issue?

4. Can justice be afforded without violating due process rights of absent parties?

690 A.2d at 803.

3. At oral argument, counsel noted that this court has on occasion decided bid challenges where the winning bidder was not, in fact, a

Similarly, Cytec, the successful bidder to which the contract was awarded, was an indispensable party to the underlying action and, therefore, common pleas lacked jurisdiction to proceed without Cytec as a party. Consequently, common pleas' final decree is vacated, and the case remanded for further proceedings.

## ORDER

AND NOW, this 4th day of April, 2002, the order of the Court of Common Pleas of Philadelphia, First Judicial District, in the above captioned matter is VACATED and the case REMANDED for further proceedings.

Jurisdiction relinquished.

party to the action. While we agree that we should have noticed, *sua sponte*, the jurisdictional defect, the absence of the prevailing bidder was not raised or considered in those cases. Thus, they provide no precedential authority on the issue.