In the matter of the 2005 SALE OF REAL ESTATE BY the CLINTON COUNTY TAX CLAIM BUREAU DELINQUENT TAXES

**LTM–7 Associates, a limited partnership**

v.

**Clinton County Tax Claim Bureau**

**Appeal of: Robert McGuire and Charles R. Rosamilia, Jr.**

Commonwealth Court of Pennsylvania.

Argued Dec. 12, 2006.
Decided Jan. 19, 2007.
As Amended April 4, 2007.

---

Charles R. Rosamilia, Jr., Lock Haven, for appellants.

W. Jeffrey Yates, Williamsport, for appellee, LTM–7 Associates.

BEFORE: SMITH–RIBNER, Judge, and SIMPSON, Judge, and KELLEY, Senior Judge.

OPINION BY Judge SIMPSON.

In this tax sale case, we are asked whether purchasers at tax sale are indispensable parties to the record owner's objections to confirmation *nisi*. Robert McGuire and Charles R. Rosamilia, Jr. (Purchasers) appeal an order of the Court of Common Pleas of Clinton County (trial court) sustaining LTM–7 Associates' (Owner) objections to the confirmation *nisi* and setting aside the tax sale on the ground the Clinton County Tax Claim Bureau (Bureau) did not comply with the notice requirements of the Real Estate Tax Sale Law (Tax Sale Law).[1] For the following reasons, we affirm.

## I. Background

Owner is a Pennsylvania limited partnership which owns a parcel of real property in Wayne Township, Clinton County (Property). Owner has a registered address in Kulpsville, Montgomery County. Owner's registered address is set forth on the deed recorded in Clinton County's Recorder of Deeds' Office.

Rather than mailing tax notices regarding the Property to Owner's registered address, the Bureau mailed the notices to Owner at 425 Market Street, Williamsport, the business address of a former limited partner, Dr. Heister H. Linn, Jr. (Former Partner). The Bureau's prior notices were accepted at this address. In the 1990s, however, Former Partner filed for bankruptcy and divested his interest in Owner.

In July 2005, the Bureau sent notice of a tax sale of the Property, scheduled for September 19, 2005, to Owner at Former Partner's address. This notice was returned to the Bureau marked "unclaimed." Upon return of the notice, the Bureau checked Clinton County's telephone directories and the records in the County's Assessment office. It did not find any other address for Owner. Notably, the Bureau did not search the Recorder of Deeds' Office.

In September 2005, the Bureau sold the Property to Purchasers, who were high bidders at a public sale. At the Bureau's request, the trial court issued a confirmation *nisi*. *See* Section 607(a) of the Tax Sale Law, 72 P.S. § 5860.607(a).

In response, Owner filed timely objections to the confirmation *nisi* alleging lack of proper notice of the sale. Owner did not name Purchasers as parties or serve its objections upon them. The Bureau

---

1. Act of July 7, 1947, P.L. 1368, *as amended*, 72 P.S. §§ 5860.101–803.

filed a response denying Owner's material allegations.

■ However, Purchasers were present at the January 2006 hearing on Owner's objections. At the hearing, neither Purchaser Maguire nor Purchaser Rosamilia, an attorney, sought to intervene in the proceeding. Ultimately, the trial court sustained Owner's objections and set aside the tax sale. Despite their non-party status, Purchasers appealed.[2]

In their Pa. R.A.P. 1925(b) Statement, Purchasers asserted the tax sale was valid because the Bureau made reasonable efforts to locate Owner's address after the notice of public sale was returned unclaimed. Purchasers also alleged they are indispensable parties to Owner's objections and failure to serve them violated their constitutional due process rights.

In an opinion in support of its order, the trial court rejected Purchasers' arguments. The trial court did not directly address Purchasers' contention they were indispensable parties. Rather, the trial court concluded Purchasers' due process rights were not violated because they were present at the hearing on Owner's objections, but they did not seek to intervene or otherwise bring this issue to the trial court's attention.

The trial court also concluded it properly set aside the tax sale. Citing Section 607.1(a) of the Tax Sale Law,[3] the trial court recognized that where the notice of public sale to the owner is returned as unclaimed, the Bureau is statutorily required to make reasonable efforts to ascertain the owner's correct address. Section 607.1(a) specifies reasonable efforts *shall*

include checking the recorder of deeds' office.

## II. Issues

Before this Court, Purchasers contend the trial court's order setting aside the tax sale must be vacated because they were not joined as indispensable parties. Owner essentially counters that Purchasers are not indispensable parties in this matter and that Purchasers' due process rights were not violated because they were present at the hearing on Owner's objections, but did not seek to intervene. Owner further alleges the trial court properly voided the tax sale because the Bureau failed to comply with the Tax Sale Law.

### A. Indispensable Parties

Purchasers assert Owner's failure to join them as indispensable parties in the objection proceeding deprived the trial court of jurisdiction and leaves this Court with no option except to vacate the trial court's order and dismiss Owner's objections to the confirmation *nisi,* without prejudice. Purchasers contend Owner could then institute a new action naming all indispensable parties.

Purchasers argue, as tax sale purchasers of the Property, they possessed a vested interest in the objection proceeding. Therefore, they assert Owner's failure to join them as indispensable parties deprived the trial court of jurisdiction. They reference cases supporting that general proposition. *Tigue v. Basalyga,* 451 Pa. 436, 304 A.2d 119 (1973); *Reifsnyder v. Pittsburgh Outdoor Adver. Co.* 396 Pa. 320, 152 A.2d 894 (1959); *Powell v. Shepard,* 381 Pa. 405, 113 A.2d 261 (1955).

---

**2.** In tax sale cases, our review is limited to determining whether the trial court abused its discretion, rendered a decision without supporting evidence, or clearly erred as a matter of law. *Murphy v. Monroe County Tax Claim Bureau,* 784 A.2d 878 (Pa.Cmwlth.2001).

**3.** *Added by* the Act of July 3, 1986, P.L. 351, *as amended,* 72 P.S. § 5860.607a(a).

Purchasers also rely on this Court's decision in *Biernacki v. Redevelopment Authority of the City of Wilkes–Barre*, 32 Pa.Cmwlth. 537, 379 A.2d 1366 (1977) (owner of real estate is an indispensable party to proceedings seeking transfer of title to the property to another). In *Biernacki*, this Court vacated a trial court's order because of the failure to join an indispensable party; we also dismissed the petition below without prejudice to the appellee's right to institute a new action wherein all indispensable parties could be joined.

 Failure to join an indispensable party to a lawsuit deprives the court of subject matter jurisdiction. *Polydyne, Inc. v. City of Phila.*, 795 A.2d 495 (Pa. Cmwlth.2002). Whether a court lacks jurisdiction due to the failure to join an indispensable party may be raised at any time or *sua sponte*. *Id.* A party is deemed to be indispensable when his or her rights are so connected with the claims of the litigants that no decree can be made without impairing those rights. *Id.*

 Significantly, this Court has held that a successful bidder at a tax sale is not a party, as a matter of course, to objections to a confirmation *nisi*. *In re Tax Sale Held September 10, 2003 by Tax Claim Bureau of County of Lackawanna*, 859 A.2d 15 (Pa.Cmwlth.2004) (*Sposito Appeal*). In that case, we recognized some trial courts require a successful bidder at an upset sale to intervene in order to become a party to a hearing on objections to an upset sale. *Id.* at 18. Because a trial court is not required to follow the Pennsylvania Rules of Civil Procedure in tax sale proceedings, "[i]t is within the discretion of the trial court to specify the procedure by which the purchaser may challenge the objections and exceptions to a tax sale." *In re Sale of Real Property Situate in Paint Township, Somerset County*, 865 A.2d 1009, 1015, n. 11 (Pa. Cmwlth.2005) (*Baumgardner Appeal*).

Moreover, in *Baumgardner Appeal*, we recognized that the "filing of exceptions overcomes the presumption of regularity in the tax sale" and thus the burden is on the tax claim bureau to demonstrate strict compliance with the notice provisions of the Tax Sale Law. *Id.* at 1015. Although these challenges are often defended by both the tax claim bureau and the purchaser, the purchaser must seek to intervene in order to participate. *Id.*

 In short, successful bidders must petition to intervene in order to be considered parties in an objection proceeding challenging a confirmation *nisi*. "The Real Estate Tax Sale Law does not make successful bidders, *whose purchases have not been confirmed*, parties to objection proceedings as a matter of course." *Sposito Appeal*, 859 A.2d at 18 (emphasis added). Consequently, we hold Purchasers are not indispensable parties for purposes of Owner's objections to the confirmation *nisi*.

Also, as the respected trial court observed, Purchasers, although physically present at Owner's objection proceeding, did not seek to intervene or request a ruling as to whether they are parties to the action. Tr. Ct. Op. at 2. The trial court further stated it would have granted Purchasers' request to intervene, if made. *Id.*

As a practical matter, no due process deprivation is discernible in the absence of prejudice. *See Pa. State Troopers Ass'n v. Pa. State Police, Lost and Damaged Prop. Bd. of Appeal*, 898 A.2d 43 (Pa.Cmwlth.), *pet. for allowance of appeal denied*, 589 Pa. 741, 909 A.2d 1291 (2006). Whether or not Purchasers received formal notice of the hearing on objections, they were actually present. They reference no new facts,

and they fail to suggest any new legal arguments on the merits. The purpose of repeating the objection procedure is therefore unclear.

## B. Validity of Tax Sale

■ In the interest of judicial economy, we also address Owner's assertion the tax sale was void because the Bureau did not comply with the notice requirements of Section 602(h) of the Tax Sale Law, 72 P.S. § 5860.602(h). The burden is on the tax claim bureau to demonstrate strict compliance with the notice provisions of the Tax Sale Law. Section 602(h) requires, in cases involving a tax sale of the property of limited partnerships, that the tax claim bureau notify the Department of Revenue of the scheduled sale at least 30 days before the sale. This notice must include the name and address of the limited partnership. This was not done; the Bureau did not know Owner's registered address.

Owner also contends the Bureau, upon return of the notice of tax sale as "unclaimed," failed to make the "reasonable efforts" required by Section 607.1 of the Tax Sale Law to locate the owner of the Property. Section 607.1(a) provides in pertinent part (with emphasis added):

When any notification of a pending tax sale or a tax sale subject to court confirmation is required to be mailed to any owner … *and such mailed notification is either returned without the required receipted personal signature of the addressee or under other circumstances raising a significant doubt as to the actual receipt of such notification by the named addressee or is not returned or acknowledged at all,* then, before the tax sale can be conducted or confirmed, *the bureau must exercise reasonable efforts to discover the whereabouts of such person or entity and notify him. The bureau's efforts shall include,* but not necessarily be restricted to, *a search of*

current telephone directories for the county and of the dockets and indices of the county's tax assessment offices, *recorder of deeds office* and prothonotary's office. . . .

As previously noted, the notice of sale mailed to Owner was returned unclaimed. The Bureau did not check the Recorder of Deeds' Office. The Bureau, in its brief to the trial court, conceded it would have ascertained Owner's correct address had it done so.

■ Strict compliance with the Tax Sale Law's notice provisions is essential. *Smith v. Tax Claim Bureau of Pike County,* 834 A.2d 1247 (Pa.Cmwlth.2003); *Murphy v. Monroe County Tax Claim Bureau.* 784 A.2d 878 (Pa.Cmwlth.2001). "The purpose of a tax sale is not to strip an owner of his property but rather to insure the tax on the property is collected." *Murphy,* 784 A.2d at 883. If reasonably possible, due process requires that a government notify an owner before his property is sold at an upset tax sale. *Id.*

Section 607.1, enacted in 1986, essentially codified the Supreme Court's decision in *Tracy v. County of Chester Tax Claim Bureau,* 507 Pa. 288, 489 A.2d 1334 (1985). The facts in *Tracy* are similar to those here; the tax claim bureau mailed notice of an impending tax sale to the address of a former partner, which the bureau previously used as the partnership's address. Although the partnership never received notice of the tax sale, the bureau sold the property. One of the remaining partners filed an action to set aside the tax sale. On appeal, the Supreme Court set aside the sale, holding the tax claim bureau must make reasonable efforts to ascertain the address and identity of the owner. These efforts, the Court stated, included an inquiry into the records of the Secretary of the Commonwealth.

Section 607.1 and *Tracy* are controlling here. Discerning no error in the trial court's decision, we affirm.

## *O R D E R*

AND NOW, this 19th day of January, 2007, the order of the Court of Common Pleas of Clinton County is **AFFIRMED.**

Senior Judge KELLEY concurs in the result only.

