IN THE COMMONWEALTH COURT OF PENNSYLVANIA

In Re: Balaji Investments, LLC,          :
and Savana Properties, LLC,              :  No. 2294 C.D. 2015
                                         :  Argued:  June 6, 2016
                      Appellants         :


BEFORE:   HONORABLE RENÉE COHN JUBELIRER, Judge
          HONORABLE MICHAEL H. WOJCIK, Judge
          HONORABLE JAMES GARDNER COLINS, Senior Judge


OPINION BY JUDGE WOJCIK                    FILED: October 6, 2016


          Balaji Investments, LLC and Savana Properties, LLC (collectively, Purchasers) appeal from the orders of the Court of Common Pleas of Lackawanna County (trial court) that denied and dismissed their motions to strike tax liability and directed them to satisfy delinquent real estate taxes, which accrued between the date of purchasing properties at upset tax sales and conveyance of the deeds. Purchasers contend the trial court erred or abused its discretion by dismissing their motions because they should not be liable for any taxes accruing on the properties before the deeds were conveyed.  Upon review, we affirm.

## I. Background

          Purchasers are limited liability companies that purchase real estate in Lackawanna County through tax sales conducted by the Lackawanna County Tax Claim Bureau (Bureau) pursuant to the Real Estate Tax Sale Law (Tax Sale Law).[1] In 2015, in connection with nine properties purchased at the Lackawanna County's 2011 and 2012 upset tax sales, Purchasers filed separate motions to strike tax

_____

[1] Act of July 7, 1947, P.L. 1368, *as amended*, 72 P.S. §§5860.101-5860-803.

liability owed on those properties. Specifically, Purchasers asserted that they should not be responsible for any taxes accruing on properties until after the deed is conveyed, particularly where title is not conveyed in the same year as the tax sale. They claimed that it is patently unfair to burden them with taxes when they have no control, occupation, ownership or title to the property. The amount of accrued tax liability on the nine properties for tax years 2012 and 2013 is approximately $34,500.

The Bureau opposed the motions arguing a property sold at upset sale is never exempt from taxation; Purchasers are liable for taxes as vested equitable owners; and, the very purpose of the upset tax sale process is to produce steady tax revenue.

Upon consideration of the parties' briefs and argument on the issue, the trial court denied and dismissed Purchasers' motions in separate orders. The trial court explained that, as successful tax sale bidders, Purchasers are not exempt from real estate taxes in the tax years following the year of the upset tax sale. The purpose of an upset tax sale is to satisfy a property's tax obligation and bring revenue to the taxing authority. At the upset tax sales, Purchasers obtained a vested equitable ownership in the properties. An equitable ownership interest is subject to taxation. At the Purchasers' request, and the Bureau's concurrence, the trial court consolidated the cases for purposes of appeal. Purchasers then appealed to this Court.

## II. Issues & Contentions

In this appeal,[2] Purchasers contend the trial court erred or abused its discretion by dismissing their motions to strike tax liability. Purchasers make a novel argument that they should not have to pay any property taxes accruing between the close of an upset tax sale and delivery of the deed.

Purchasers do not assert that they are exempt from taxation. Rather, they claim property taxes should not accrue against them until title is conveyed. According to Purchasers, the burden of taxation must follow possession, which is not obtained until the legal title is conveyed or litigation resolved, whichever is later. Purchasers' "equitable ownership" only gives them standing to defend the purchase, but no other rights attendant to property ownership, such as control or use of the property. Thus, they advance that any taxes accruing between the date of the upset sale and the date of title conveyance must be abated. Purchasers present three scenarios highlighting why they should be relieved of their tax burden.

First, Purchasers maintain that the Bureau routinely provides deeds in the tax year *after* the sale, which instantly creates a tax liability before the title is transferred to the tax sale purchaser. Upset sales generally take place the last week in September. Even when there is no contest to the validity of the sale, the Bureau may not issue the deed until the following year. Yet, purchasers are liable for taxes for the entire next tax year, even though they do not have legal title for the entire

---

[2] Our review in tax sale cases is limited to determining whether the trial court abused its discretion, erred as a matter of law, or rendered a decision not supported by substantial evidence. *In re Consolidated Reports and Returns by Tax Claim Bureau of Northumberland County of Properties*, 132 A.3d 637, 643 n.12 (Pa. Cmwlth.) (*en banc*), *appeal denied*, 141 A.3d 482 (Pa. 2016).

year.  In certain instances, the Bureau backdates the deed to the date of the upset sale to avoid the issue entirely.

Second, when a petition to set aside the sale or objections or exceptions to the confirmation are filed, it may take years before title is conveyed to the successful bidder.  If the upset sale is ultimately set aside, title is never conveyed.  Notwithstanding pending litigation, and the uncertainty of title conveyance, the Bureau demands payment for all accruing taxes until title is conveyed.

And third, Purchasers assert that they should not have to escrow "delinquent" property taxes with the Bureau until litigation resolves on the *potential* they may be legal owners of the property sometime in the future.  Escrowing taxes with the Bureau does not eliminate accruing penalties and interest owed to the taxing authorities because the Bureau does not distribute the escrowed funds to the taxing authorities.  Instead, the Bureau maintains the funds until litigation resolves because the Bureau is responsible for the return of funds should the sale be set aside.

Purchasers point out that, with judicial and private tax sales, all taxes are abated through the date of delivery of the deed.  They argue the same should apply to properties purchased at upset tax sales, particularly because the timing of the deed conveyance is under the exclusive control of the Bureau.  To conclude otherwise, unfairly burdens successful bidders with tax liability without benefits of ownership and could dissuade bidders from participating in upset sales.

In opposition, the Bureau counters that the trial court properly denied Purchasers' motions and compelled them to satisfy the real estate taxes on their investment properties.  The Bureau maintains Purchasers obtained a vested

4

equitable ownership at the upset sale, and that the transfer of the property occurs on the date of sale, rather than the date the deed is recorded. An equitable ownership interest in real estate is subject to taxation. According to the Bureau, there is no statutory basis for the abatement of taxes sought by Purchasers. Unlike in a judicial sale or private sale, properties sold in an upset sale are not sold free and clear of *all* liens and claims pursuant to the Tax Sale Law.

Moreover, the Bureau advances that the goal of an upset tax sale is to realize a price sufficient to satisfy a property's outstanding tax obligation and maintain a continuous stream of tax revenue for the taxing authority. The purpose is to ensure the collection of taxes, not to create a risk-free investment opportunity for real estate speculators. The Bureau argues tax-paying property owners should not have to endure decreased services or increased millage rates to account for a judicial exemption for the sake of speculators who have already benefited by purchasing properties far below market value.

### III. Discussion
### A. Types of Sales

We begin our discussion by examining the different types of tax sales. A tax claim bureau may sell property for delinquent taxes by upset tax sale, judicial sale or private sale. Sections 605, 610, and 613 of the Tax Sale Law, 72 P.S. §§5860.605, 5860.610, 5860.613. Each type of sale has its own specific rules controlled by separate sections of the Tax Sale Law. *Getson v. Somerset County Tax Claim Bureau*, 696 A.2d 903, 905 (Pa. Cmwlth.), *appeal denied*, 717 A.2d 535 (Pa. 1997).

## *Upset Tax Sale*

First, and central to this appeal, is an upset tax sale. A property listed at an upset tax sale is offered for sale at a minimum price, known as the "upset price." 72 P.S. §5860.605. The upset price is the sum of: "all accrued taxes including taxes levied for the current year, whether or not returned," and tax liens and claims. *Id*. However, it is not sold free and clear of all liens and claims. *See* Section 609 of the Tax Sale Law, 72 P.S. §5860.609. Rather, it remains "subject to the lien of every recorded obligation, **claim**, lien, estate, mortgage, ground rent and Commonwealth tax lien **not included in upset price**." *Id.* (emphasis added). It is only divested of tax liens and claims, which are or could have been included in the upset price. *Id*.; 72 P.S. §5860.605. Thus, taxes accruing *after* the upset sale are not included in the upset price. *See* 72 P.S. §§5860.605, 5860.609.

Within 60 days of the sale of a property at an upset sale, the taxing bureau must file confirmation of return with the trial court. Section 607(a) of the Tax Sale Law, 72 P.S. §5860.607(a). If no one files objections or exceptions to the confirmation of return of sale, or if objections or exceptions are filed, but ultimately overruled, the court will enter a decree confirming the sale absolutely. Section 607(c), (d) of the Tax Sale Law, 72 P.S. §5860.607(c), (d). Once the sale is confirmed absolutely, and the purchaser pays the full price of its bid, the tax claim bureau prepares and delivers the deed to the property to the purchaser. Section 607(g) of the Tax Sale Law, 72 P.S. §5860.607(g). An upset sale confirmed absolutely passes "good and valid title to the purchaser, free from any liens or encumbrances whatsoever, **except such liens as are hereafter specifically saved**, and in all respects valid and effective as if acquired by a sheriff's deed." *Id*.

(emphasis added). Liens specifically saved are those not included in the upset price. 72 P.S. §5860.609.

A valid, unsuccessful upset sale is a condition precedent to the bureau's ability to engage in a judicial sale or private sale. 72 P.S. §§5860.610; 5860.613. In other words, the bureau can only pursue alternative methods to sell a property if the property listed for an upset sale is not sold, *i.e.*, no one bid an amount equal or greater to the upset price. 72 P.S. §§5860.610, 5860.613.

### *Judicial Sale*

Unlike an upset sale, with a judicial sale, a property is **sold free and clear of all tax and municipal claims**. 72 P.S. §5860.610. But before a property can be auctioned at a judicial sale, the tax claim bureau must satisfy all the requirements of a free and clear sale. *Id*.; Sections 611 and 612 of the Tax Sale Law, 72 P.S. §§5860.611, 5860.612. The bureau must petition the trial court for permission to sell the property at a judicial sale setting forth that the bureau conducted an upset sale but was unable to obtain a sufficient bid. 72 P.S. §5860.610. In addition to the petition, the bureau must present searches, showing the state of the record and the ownership of the property and all tax and municipal claims, liens, mortgages, ground rents, charges and estates against the same. *Id*. Provided the bureau satisfies these requirements, the court will issue a rule to show cause why the property should not be sold free and clear of all claims and liabilities. *Id*. If, after hearing, "the court is satisfied" that service of the rule has been made upon all parties named therein, in the manner specified, and that all facts stated in the petition are true, "it shall order and decree" that said property

7

may be sold at judicial sale. 72 P.S. §5860.612(a). Once the purchaser pays the purchase price, the bureau shall make and deliver the deed. *Id*.

### *Private Sale*

In addition to judicial sales, the bureau may sell tax delinquent properties at private sales. 72 P.S. §5860.613. As with a judicial sale, a valid, unsuccessful upset sale is a condition precedent to the bureau's ability to engage in a private sale. The bureau must provide notice of the sale and price to each taxing district and to each owner of the property. *Id*. The bureau must also provide notice of the sale to the public by publication. *Id*.

Similar to judicial sales, properties sold by private sale are "sold free and clear of all tax claims and judgments." 72 P.S. §5860.613. Once the price for a private sale is finally approved or confirmed, and the payment is received, the bureau shall issue a deed in fee simple to the purchaser. Section 615 of the Tax Sale Law, 72 P.S. § 5860.615. "Each such deed shall be in the name of the bureau, as trustee grantor and shall be executed . . ." and "shall convey title to the purchaser free, clear and discharged of all tax claims and tax judgments . . . ." *Id*.

## B. Tax Burden

Purchasers assert that, just as taxes are abated through the date of delivery of the deed in judicial and private tax sales, the same should apply to properties purchased at upset tax sales. However, they overlook the key distinctions among the types of sales and the role of the court in the sale process.

A tax claim bureau is authorized to conduct an upset tax sale pursuant to its authority under the Tax Sale Law. Section 601 of the Tax Sale Law,

8

72 P.S. § 5860.601. The bureau needs judicial authorization to convey title but not to conduct the sale. *Id.*; 72 P.S. §5860.609.

Once the upset sale is held, even when the upset price is not bid, legal title passes to the tax claim bureau by operation of law. 72 P.S. §5860.607(g); *Commonwealth v. Sprock*, 795 A.2d 1100, 1103 (Pa. Cmwlth. 2002).[3] The bureau becomes the trustee. 72 P.S. §5860.607(g); *Fulton v. Bedford County Tax Claim Bureau*, 942 A.2d 240, 243 n.5 (Pa. Cmwlth. 2008); *Sprock*, 795 A.2d at 1103. The record owner's right of redemption is extinguished. Section 501(c) of the Tax Sale Law, 72 P.S. §5860.501(c); *see* 72 P.S. §5860.607(g); *Sprock*, 795 A.2d at 1103. As trustee, the tax claim bureau "may convey title to the successful bidder at the upset sale if the price is met, or it may, alternatively, convey title at a later judicial sale" or private sale. *Sprock*, 795 A.2d at 1103.

Although the tax claim bureau becomes trustee of the property after an upset sale, it may not immediately convey title to the purchaser because the Tax Sale Law requires judicial approval to convey the deed. Section 608 of the Tax Sale Law, 72 P.S. §5860.608. Conversely, with judicial sales and private sales, judicial approval occurs prior to the sale not after. See 72 P.S. §§5860.612, 5860.613. Judicial sales require judicial authorization to proceed. 72 P.S. §5860.612; *see Murphy v. Monroe County Tax Claim Bureau*, 784 A.2d 878, 881 (Pa. Cmwlth. 2001) (judicial sale must be based upon an order or decree directing the sale). Private sales allow judicial confirmation or disapproval of the sale prior to the sale. 72 P.S. §5860.613. Consequently, judicial assent is not

---

[3] We note divestiture of ownership following exposure of a property to an upset sale does not occur when the notice provisions of the Tax Sale Law are shown to be defective. *Rivera v. Carbon County Tax Claim Bureau*, 857 A.2d 208, 216 (Pa. Cmwlth. 2004).

required *after* a judicial sale or private sale for the bureau to convey the deed. *See* 72 P.S. §§5860.612, 5860.615. In other words, the bureau's ability to convey title to the properties sold through judicial or private sales was perfected prior to the sale. Thus, once a judicial sale or private sale concludes, title may pass from the tax claim bureau, as trustee, to the purchaser, without delay. *See, e.g., Fulton*, 942 A.2d at 243 (tax claim bureau conveyed title a month after selling property at a judicial sale).

As Purchasers correctly note, taxes may accrue pending confirmation of an upset sale. Where upset sales are challenged, it may take years before title is conveyed to the successful bidder, if at all. Purchasers claim that they should not have to bear tax liability during this period of uncertainty because they do not have control, occupation, ownership or legal title to the property.

Until an upset sale is confirmed absolutely, the bureau cannot convey *legal* title to the property, and all the rights associated therewith, to the successful bidder. 72 P.S. §5860.608; *see In re Rouse*, 48 B.R. 236, 240 (Bankr. E.D. Pa. 1985) ("[l]egal title to the property does not pass to the purchaser until acknowledgment and delivery of the sheriff's deed."). In fact, the successful bidder is not even a party if objections or exceptions to an upset sale are filed.[4] *In re 2005 Sale of Real Estate by Clinton County Tax Claim Bureau Delinquent Taxes*, 915 A.2d 719, 723 (Pa. Cmwlth. 2007); *see Fulton,* 942 A.2d at 243 (successful bidder at an upset sale must petition to intervene).

---

[4] Conversely, a successful purchaser at a judicial sale, as the legal owner of the property, is an indispensable party in an action to set aside a sale. *Fulton*, 942 A.2d at 243. The same would hold true for private sale purchasers. *See* 72 P.S. §5860.615.

However, while upset sale purchasers may not immediately possess legal title, they do have an *equitable interest* in the property. *Pivirotto v. City of Pittsburgh*, 528 A.2d 125 (Pa. 1987). A "purchaser at a tax sale obtains vested equitable ownership at the fall of the auctioneer's hammer." *In re Golden*, 190 B.R. 52, 58 (Bankr. W.D. Pa. 1995); *accord Butler v. Lomas & Nettleton Co.*, 862 F.2d 1015, 1019 (3d Cir. 1988); *In re Rouse*, 48 B.R. at 240. "[B]arring redemption by the record owner during the statutory period, the successful bidder at the tax sale is entitled to compel conveyance by treasurer deed, and thus, he is the equitable owner." *Pivirotto*, 528 A.2d at 128; *see Pennsylvania Company for Insurances on Lives and Granting Annuities, to Use of Jefferson Medical College of Philadelphia v. Broad Street Hospital*, 47 A.2d 281, 283 (Pa. 1946) ("When the sheriff accepted the bid, the purchaser acquired a right to a deed on complying with the terms of sale and assumed the obligation of complying with those terms.").

Our Supreme Court has held "an equitable interest in real estate is subject to taxation." *Appeal of Baltimore & O. R. R.*, 175 A.2d 841, 844 (Pa. 1961). "The right of the taxing authority to collect unpaid taxes . . . may be exercised against the real or beneficial owner." *Id*. If a sale is later set aside, the successful purchaser at the sale is entitled to a refund of any amount it paid to the bureau, with interest. *In re Upset Sale of Properties Against Which Delinquent 1981 Taxes Were Returned to Tax Claim Unit On or About First Monday of May, 1982 (SKIBO Properties)*, 560 A.2d 1388, 1389 (Pa. 1989); *see also In re Judicial Sale, Tax Claim Bureau of Northampton County, Easton*, 720 A.2d 818, 822 (Pa. Cmwlth. 1998) (purchaser does not need to intervene to protect right to a refund).

11

Notwithstanding, Purchasers assert that their equitable interest should not be subject to taxation. They maintain that the taxing authorities should abate any taxes accruing *after* an upset sale and before title is conveyed. Purchasers' argument is unavailing as there is no statutory or case law authority for abatement of property tax liability for properties sold at upset sales. The General Assembly clearly intended for judicial and private sales to be sold free and clear of all liens and claims, but it did not include similar language for upset sales. *Compare* 72 P.S. §5860.612 (authorizing sale of property at a judicial sale sold "freed and cleared" of all tax claims) *and* 72 P.S. §5860.613 (authorizing sale of property at a private sale sold "free and clear of all tax claims and tax judgments") *with* 72 P.S. §5860.605 (authorizing sale of property at upset sale sold "subject to" all liens "not included in upset price"). We are constrained from rewriting a legislative enactment.

Moreover, "[t]he goal of an upset tax sale is to realize a price sufficient to bring the tax obligation on the property fully current." *Bell v. Berks County Tax Claim Bureau*, 832 A.2d 587, 592 (Pa. Cmwlth. 2003). With upset tax sales, the upset price satisfies a property's "delinquent and current taxes." *Id.*

But, with judicial sales or private sales, the tax claim bureau may agree to a price that does not fully satisfy the outstanding tax claims and liens. *See* 72 P.S. §§5860.612, 5860.613. For this reason, taxing bodies must have notice and an opportunity to object if the price is not sufficient to satisfy their tax obligation. *See* 72 P.S. §§5860.610, 5860.613; *see County of Schuylkill, Reilly Township v. Ryon*, 598 A.2d 1075, 1077 (Pa. Cmwlth. 1991), *appeal denied*, 598 A.2d 1075 (Pa. 1992) (the purpose behind the notice provision of Section 613 of the Tax Sale Law is to allow a taxing authority to protect its financial interest.). There is no

12

process by which taxing authorities can agree to waive or abate tax liability in connection with an upset sale. *See* 72 P.S. §§5860.601-5860.609.

## IV. Conclusion

In conclusion, absent legal authority in support of Purchasers' abatement claims, and in light of the purpose of the upset sale to make the tax obligation fully current, Purchasers, as the equitable owners of the property at the close of the upset sale, are responsible for any taxes accruing on the properties after the upset sale. For these reasons, we conclude the trial court properly denied Purchasers' motions and compelled them to satisfy the real estate taxes on their investment properties.

Accordingly, we affirm the trial court's orders.

_____
MICHAEL H. WOJCIK, Judge

13

IN THE COMMONWEALTH COURT OF PENNSYLVANIA

In Re: Balaji Investments, LLC,      :
and Savana Properties, LLC,      : No. 2294 C.D. 2015
                                   :
          Appellants    :


O R D E R


AND NOW, this 6th day of October, 2016, the orders of the Court of Common Pleas of Lackawanna County, at docket numbers 14 CV 5774 and 11 CV 6348, dated October 14, 2015, are AFFIRMED.


_____
MICHAEL H. WOJCIK, Judge