IN THE COMMONWEALTH COURT OF PENNSYLVANIA

In Re: Lehigh County Tax Claim    :
Bureau Upset Sale    :
of September 19, 2018    :
    :   No. 169 C.D. 2020
Appeal of: Marek Tchorzewski and   :   Submitted: February 19, 2021
Anthony Malinowski    :

BEFORE:   HONORABLE MARY HANNAH LEAVITT, Judge
          HONORABLE PATRICIA A. McCULLOUGH, Judge
          HONORABLE J. ANDREW CROMPTON, Judge

OPINION
BY JUDGE LEAVITT          FILED: September 20, 2021

Marek Tchorzewski and Anthony Malinowski (Purchasers) appeal an order of the Court of Common Pleas of Lehigh County (trial court) setting aside the tax sale of property owned by Robert Ryan Berkheiser (Owner). Purchasers were the successful bidders on the sale of Owner's property but did not participate in the proceeding on Owner's objection petition, which Owner filed pursuant to the Real Estate Tax Sale Law (Tax Sale Law).[1] Purchasers contend that they were indispensable parties to that proceeding and should have been named or joined as respondents in Owner's objection petition. Concluding that Purchasers were not indispensable parties to the proceeding to set aside the tax sale of Owner's property, we affirm the trial court.[2]

On September 19, 2019, the Lehigh County Tax Claim Bureau (Tax Claim Bureau) conducted an upset tax sale of properties that included a property at 6691 Church Road in Heidelberg Township (Property), where Owner resided.

---

[1] Act of July 7, 1947, P.L. 1368, *as amended*, 72 P.S. §§5860.101-5860.803.

[2] The Lehigh County Tax Claim Bureau did not file a brief in this matter.

Thereafter, the Tax Claim Bureau filed a consolidated petition for a decree *nisi* to confirm all the September 19, 2019, upset tax sales.[3] On November 22, 2019, Owner filed objections to the sale of his Property, alleging that the Tax Claim Bureau did not strictly comply with the notice requirements of the Tax Sale Law and requesting that the sale of his Property be set aside. On the same day, the trial court issued a rule upon the Tax Claim Bureau to show cause why Owner's objections to the tax sale should not be sustained.

On January 13, 2020, the trial court held a hearing on Owner's objections, at which both the Tax Claim Bureau and Owner appeared with counsel. The Tax Claim Bureau's counsel made the following representations to the trial court:

> Your Honor, we had the opportunity to meet before the hearing today to discuss this matter and the Tax Claim Bureau learned that [Owner] in this case, at the time he was served by the Sheriff, was undergoing medical treatment . . . . And, Your Honor, I have no doubt, I have no reason to doubt what was offered based upon my conversations with additional family members who are here in the courtroom as well and are prepared to testify . . . to the medical condition of [Owner].
>
> Having said that, *Your Honor, we did reach an agreement whereby the tax sale would be set aside and the taxes would be paid within 20 days* based upon the understanding that --
>
> * * *

---

[3] Section 607(a) of the Tax Sale Law states, in part:

> (a) It shall be the duty of the bureau, not later than sixty (60) days after a sale was held, to make a consolidated return to the court of common pleas of the county . . . *No consolidated return shall be made to the court until notice has been given to the owner . . . .*

72 P.S. §5860.607(a) (emphasis added).

2

--the testimony is going to show that although [Owner] was at the home and physically present, he did not understand what he was receiving from the Sheriff at that time.

Considering the circumstances and considering the fact that [Owner] or [Owner's] family is willing to pay the taxes and that he's continuing to undergo medical treatment, I have no reason to take this man's home. And the circumstances are that this is a family farm that has been subdivided . . . and this [P]roperty is part of the family farm.

I have not had any, received any communications from the [successful bidders]. This is an upset sale, so there are questions.

I would also like to note for the record that although we have personal service, *we do not have any other service [as] the mailings were all returned.*

Notes of Testimony, 1/13/2020, at 2-4 (N.T. __) (emphasis added); Reproduced Record at 17a-19a (R.R. __). Counsel for Owner stated that he had "nothing" to add as "[t]his is really what [his] client is seeking, just being able to pay the back taxes[.]" N.T. 4; R.R. 19a. That same day, the trial court entered an order setting aside the tax sale based "upon agreement of counsel." Trial Court Order, 1/13/2020; R.R. 23a.

On February 12, 2020, Purchasers appealed the trial court's order to this Court. In their notice of appeal, Purchasers complained that they had not been named in, or served with, Owner's objection petition, and, further, both were required because they were "indispensable parties to this action." Notice of Appeal, 2/12/2020. In its PA. R.A.P. 1925(a) opinion, the trial court explained that it set aside the tax sale of Owner's Property on the basis of the agreement of the parties that was presented in open court. Further, the Tax Claim Bureau, by its counsel, acknowledged that it could not prove compliance with the notice requirements of the

3

Tax Sale Law.  With respect to Purchasers' assertion that they were indispensable parties, the trial court explained as follows:

> The Commonwealth Court has held that the filing of exceptions overcomes the presumption of regularity in the tax sale and, thus, the *burden is on the* [Tax Claim] *Bureau to demonstrate strict compliance with the notice provisions of the Tax Sale Law*. Although these challenges are often defended by both the [Tax Claim] Bureau and the purchaser, *the purchaser must seek to intervene in order to participate.*  The . . . Tax Sale Law does not make successful bidders, whose purchases have not been confirmed, parties to objection proceedings as a matter of course.

PA. R.A.P. 1925(a) Opinion, 3/17/2020, at 1-2 (citation omitted) (emphasis added); R.R. 24a-25a.

In their appeal to this Court,[4] Purchasers raise one issue.  They contend that they were indispensable parties to Owner's challenge to the tax sale of his Property.  As such, Owner should have named Purchasers in his objection petition so they could participate in the hearing thereon.  Owner responds that the trial court's order should be affirmed because successful bidders are not, as a matter of course, parties to proceedings to set aside a tax sale.  Successful bidders must petition to intervene if they wish to participate in these proceedings.

We begin with a review of the statutory procedures for the conduct of an upset tax sale.  Section 602 of the Tax Sale Law requires the tax claim bureau to provide three separate types of notice in advance of an upset tax sale: (1) publication at least 30 days prior to the sale; (2) direct notification to each owner by certified mail at least 30 days prior to the sale; and (3) posting of the property at least 10 days

---

[4] Our review in tax sale cases determines whether the trial court abused its discretion, erred as a matter of law, or rendered a decision not supported by substantial evidence.  *In Re: Balaji Investments, LLC*, 148 A.3d 507, 509, n.2 (Pa. Cmwlth. 2016) (*Balaji*).

4

prior to the sale. 72 P.S. §5860.602.[5] If the property listed for upset sale is occupied by the owner, Section 601(a)(3) of the Tax Sale Law also requires the tax claim bureau to effect personal service on the owner by a sheriff. 72 P.S. §5860.601(a)(3).[6] The above-listed notifications give the owner of the property exposed to an upset tax sale the opportunity to take steps to prevent the involuntary sale of his property by, for example, paying the delinquent taxes owed thereon or entering an agreement with the tax claim bureau for their payment.

---

[5] Section 602(a) and (e)(1) of the Tax Sale Law states:

> (a) At least thirty (30) days prior to any scheduled sale the bureau shall give notice thereof, not less than once in two (2) newspapers of general circulation in the county, if so many are published therein, and once in the legal journal, if any, designated by the court for the publication of legal notices. Such notice shall set forth (1) the purposes of such sale, (2) the time of such sale, (3) the place of such sale, (4) the terms of the sale including the approximate upset price, (5) the descriptions of the properties to be sold as stated in the claims entered and the name of the owner.

> \* \* \*

> (e) In addition to such publications, similar notice of the sale shall also be given by the bureau as follows:

>> (1) At least thirty (30) days before the date of the sale, by United States certified mail, restricted delivery, return receipt requested, postage prepaid, to each owner as defined by this act.

72 P.S. §5860.602(a), (e)(1).

[6] Section 601(a)(3) provides, in relevant part:

> No owner-occupied property may be sold unless the bureau has given the owner occupant written notice of such sale at least ten (10) days prior to the date of actual sale by personal service by the sheriff . . . . The sheriff . . . shall make a return of service to the bureau . . . setting forth the name of the person served, the date and time and place of service, and attach a copy of the notice which was served.

72 P.S. §5860.601(a)(3).

After a tax sale, the tax claim bureau must give the *owner* notice of the tax sale of the owner's property and of the opportunity to challenge that sale.[7] Section 607(a.1)(1) provides:

> *Notice shall* be given by the bureau within thirty (30) days of the actual sale *to each owner* by United States certified mail, restricted delivery, return receipt requested, postage prepaid, to each *owner* at his last known post office address as determined in [S]ection 602(e)(2) *that the property was sold and that the owner may file objections or exceptions with the court* relating to the regularity and procedures followed during the sale no later than thirty (30) days after the court has made a confirmation nisi of the consolidated return.

72 P.S. §5860.607(a.1)(1) (emphasis added). The Tax Sale Law does not require the tax claim bureau to copy the successful bidder on the notice sent to each owner pursuant to Section 607(a.1)(1).

Section 607 of the Tax Sale Law next addresses the procedure for challenging an upset tax sale. Section 607(b) states that an "owner or lien creditor" may file objections. 72 P.S. §5860.607(b). Section 607(d) addresses the scope of these objections:

> *Any objections or exceptions to such a sale may question the regularity or legality of the proceedings of the bureau* in respect to such sale, but may not raise the legality of the taxes on which the sale was held, of the return by the tax collector to the bureau or of the claim entered. In case any objections or exceptions are

---

[7] Section 102 of the Tax Sale Law defines "owner" as

> *the person in whose name the property is last registered*, if registered according to law, or, if not registered according to law, the person whose name last appears as an owner of record on any deed or instrument of conveyance recorded in the county office designated for recording . . . .

72 P.S. §5860.102 (emphasis added). A successful bidder is not included in this definition.

> filed they shall be disposed of according to the practice of the court. If the same are overruled or set aside, a decree of absolute confirmation shall be entered by the court.

72 P.S. §5860.607(d) (emphasis added). Stated otherwise, an objection challenges the "regularity or legality of the proceedings" of the tax claim bureau, which is the only respondent that must be named in the owner's petition.

The case law construing these provisions of the Tax Sale Law has established several relevant principles. First, the Tax Sale Law was intended to assist in the collection of taxes, not to deprive delinquent taxpayers of their property or to create investment opportunities for members of the public. *Sampson v. Tax Claim Bureau of Chester County*, 151 A.3d 1163, 1167 (Pa. Cmwlth. 2016). Second, because due process is implicated in the government's involuntary sale of a citizen's real property, the tax claim bureau bears the burden of proving strict compliance with each and every notice provision in the Tax Sale Law. *Rice v. Compro Distributing, Inc.*, 901 A.2d 570, 575 (Pa. Cmwlth. 2006). This includes a reasonable effort to locate the owner where notices sent by certified and first-class mail are returned to the tax claim bureau. *Maya v. County of Erie Tax Claim Bureau*, 59 A.3d 50, 55 (Pa. Cmwlth. 2013). Third, the Tax Sale Law does not require or entitle a successful bidder to notice of an owner's objections to a tax sale. In *In re: Tax Sale Held September 10, 2003 by Tax Claim Bureau of County of Lackawanna*, 859 A.2d 15, 18 (Pa. Cmwlth. 2004) (*Sposito*), this Court specifically rejected the claim of a successful bidder that the tax claim bureau has the duty to give the successful bidder notice of an owner's objections, or the responsibility to "file a petition to add [the successful bidder] as an additional party[.]" *Id.* To the contrary, the Tax Sale Law "does not make successful bidders, whose purchases have not been

7

confirmed, parties to objection proceedings as a matter of course." *Sposito*, 859 A.2d at 18.

Likewise, it is not the responsibility of the owner who files objections under Section 607 of the Tax Sale Law to name the successful bidder as a party or serve him with a copy of the owner's objection petition. *In re 2005 Sale of Real Estate by Clinton County Tax Claim Bureau Delinquent Taxes,* 915 A.2d 719, 722-23 (Pa. Cmwlth. 2007) (*Clinton County*). Rather, "successful bidders must petition to intervene in order to be considered parties in an objection proceeding challenging a confirmation *nisi*." *Id.* at 723. Accordingly, this Court has established, quite specifically, that successful bidders "are not indispensable parties for purposes of Owner's objections to the confirmation *nisi*." *Id.*

In summary, there is no language in the Tax Sale Law to support Purchasers' claim that they were indispensable parties to the proceeding that set aside the tax sale of Owner's Property, for which they were the successful bidders. There is, however, binding precedent that has established that Purchasers, in their capacity as successful bidders, were *not* indispensable parties to that proceeding. *Clinton County*, 915 A.2d at 723.

Undaunted, Purchasers direct the Court to cases that they believe can be read to support their position that they were indispensable parties to Owner's objection petition. We turn, then, to those cases.

Purchasers, first, direct the Court to language from *Balaji*, 148 A.3d at 513 (emphasis in original), which states as follows:

> However, while upset sale purchasers may not immediately possess legal title, they do have an *equitable interest* in the property. *Pivirotto v. City of Pittsburgh*, . . . 528 A.2d 125 (Pa. 1987). A "purchaser at a tax sale obtains a vested equitable ownership at the fall of the auctioneer's hammer." *In re Golden*,

190 B.R. 52, 58 (Bankr. W.D. Pa. 1995); *accord Butler v. Lomas & Nettleton Co.*, 862 F.2d 1015, 1019 (3d Cir. 1998); *In re Rouse*, 48 B.R. [236,] 240 [(Bankr. E.D. Pa. 1985)].

Purchasers assert that their "equitable interest in the premises" made them indispensable parties to Owner's objections to the tax sale of the property. Purchasers' Brief at 11. We disagree.

To begin, Purchasers omitted the final sentence of the above-quoted paragraph in *Balaji*, which states as follows:

> *[B]arring redemption by the record owner during the statutory period*, the successful bidder at a tax sale is entitled to compel conveyance by treasurer deed, and thus, he is the equitable owner.

*Balaji*, 148 A.3d at 513 (quotations and citations omitted) (emphasis added). Stated otherwise, a successful bidder's "equitable interest" is subordinate to the owner's right to redeem a property sold at an upset tax sale. Purchasers also omitted the statement in *Balaji* that "[i]n fact, the successful bidder is not even a party if objections or exceptions to an upset sale are filed." *Id*. In any case, *Balaji* is inapposite. *Balaji* had nothing to do with the ability of successful bidders to participate in an objection proceeding. Rather, it concerned whether a successful bidder can be held liable for real estate taxes that accrue between the time of the tax sale and the actual conveyance of the deed to the successful bidder, and the answer is yes. As we observed in *Balaji*, the obverse is also true. If the owner succeeds in setting aside the tax sale, then the owner is liable for the taxes that accrue during that period of time. *Id*. (successful bidder is "entitled to a refund of any amount it paid to the bureau, with interest" if a tax sale is set aside).

9

Purchasers next direct the Court to *In re Tax Claim Bureau of Montgomery County*, 272 A.2d 186 (Pa. Super. 1970) (*Wheatcroft*), and *M.J.M. Financial Services, Inc. v. Burgess by Dignazio*, 533 A.2d 1092 (Pa. Cmwlth. 1987) (*M.J.M. Financial*).  Purchasers contend that these cases support their position that successful bidders are indispensable parties in an owner's challenge to a tax sale.  Otherwise, Purchasers warn, the door may be opened to fraud, whereby "the [b]ureau could repudiate an otherwise valid sale for frivolous or illegal reasons[.]" Purchasers' Brief at 12-13 (quoting *M.J.M. Financial*, 533 A.2d at 1095).  Again, we disagree.

*Wheatcroft* concerned a tax sale to which the owner filed objections. On a schedule attached to the tax claim bureau's consolidated return for a decree *nisi* was a notation that the sale of the owner's property should not be confirmed: "Improper notice and question of validity of claim." *Wheatcroft*, 272 A.2d at 187. The trial court's decree *nisi*, *inter alia*, declared the sale of the owner's property null and void on the basis of the notation in the tax claim bureau's schedule.  The successful bidder filed exceptions to the decree *nisi*, but his petition was dismissed for the stated reason that he lacked standing to object to said decree.

The Superior Court reversed.  It held that "in the circumstances of this case," the successful bidder had standing to challenge the decree *nisi*.  *Wheatcroft*, 272 A.2d at 188.  In doing so, it further explained as follows:

> We do not disapprove of the action of the [b]ureau in making suggestions to the court and of its giving evidence upon which the court might base a decision on the propriety of confirming a tax sale.  However, we believe that when the [b]ureau makes the required [r]eturn, as it did in this case, in the interest of justice the purchaser should have an opportunity to hear and refute any evidence offered by the [b]ureau or owner.  Without a full hearing on the matter, the door might be opened to fraud,

10

whereby the [b]ureau could repudiate an otherwise valid sale for frivolous or illegal reasons.

*Id.* The Superior Court concluded that instead of relying on a notation in the tax claim bureau's schedule, the trial court should have developed a record before ordering the tax sale to be set aside. *Wheatcroft* holds that a successful bidder has standing to participate in a proceeding to set aside a tax sale. Although not the precise holding, *Wheatcroft* also stands for the proposition that a notation on the tax claim bureau's schedule has limited or no evidentiary value in such a proceeding.

*Wheatcroft* is distinguishable. Here, there was a record hearing before the trial court at which the Tax Claim Bureau, by its counsel, confessed error to the trial court, *i.e.*, that it could not prove compliance with the notice provisions of the Tax Sale Law. This is a far cry from an incomplete sentence of unknown provenance made on a tax claim bureau's schedule filed as part of its consolidated return. Further, at the hearing before the trial court, the parties entered a stipulation of settlement on the record, which became the basis of the trial court's order. Notably, a settlement recited by counsel in open court is binding and enforceable. *DeLuca v. Mountaintop Area Joint Sanitary Authority*, 234 A.3d 886, 899 (Pa. Cmwlth. 2020).

*M.J.M. Financial* concerned the tax sale of property titled to an owner who had been declared incompetent and was subject to a guardianship. The tax claim bureau conceded that it knew of the guardian's appointment but, instead, mistakenly sent the statutory notices to the incompetent owner. The trial court set aside the tax sale, and the successful bidder petitioned to open the judgment and allow it to intervene. The trial court denied the petition for the stated reason that the successful bidder lacked standing. This Court reversed.

Adverting to *Wheatcroft*, this Court held that the trial court should have allowed the purchaser to intervene even though its application was untimely filed

11

because the case presented "extraordinary circumstances." *M.J.M. Financial*, 533 A.2d at 1094. Noting that the successful bidder alleged that there was a factual question about notice to the guardian, this Court held that the value of the trial court's hearing was "substantially diminished" when the successful bidder was denied intervention. *Id*. at 1095. This Court reversed the denial of intervention and remanded the matter for further proceedings.[8]

*Wheatcroft* and *M.J.M. Financial* are anomalous decisions.[9] They stand for the principle that a successful bidder, who seeks to intervene, has standing and should be granted intervention. These cases are not instructive here because Purchasers were not denied intervention. Purchasers did not seek intervention before, during, or after the proceeding on Owner's objections to the tax sale of the Property.

Purchasers, nevertheless, argue that they could not be expected to intervene in the objection proceeding before the trial court because they were not given notice of Owner's objections or the hearing thereon.[10] As a result, they will

---

[8] The dissent would have affirmed the trial court for the stated reason that the tax claim bureau "stipulated that it was aware of the guardian but simply failed to give him notice. There is nothing more to be decided." *M.J.M. Financial*, 533 A.2d at 1095-96 (MacPhail, J., dissenting).

[9] Purchasers also rely on *Rex v. Tax Claim Bureau of Montgomery County* (Pa. Cmwlth., No. 1248 C.D. 2011, filed June 4, 2012) (unreported), to support their assertion that they were entitled to participate in a hearing on Owner's objections. Purchasers' Brief at 13. However, the successful bidders in *Rex* filed a petition to intervene with the trial court, and Purchasers did not.

[10] Purchasers cite *Mennonite Board of Missions v. Adams*, 462 U.S. 791 (1983), and *First Pennsylvania Bank, N.A. v. Lancaster County Tax Claim Bureau*, 47 A.2d 938 (Pa. 1983), to support their argument that they were entitled to notice and an opportunity to defend their interest in the Property. Purchasers' Brief at 11. In those cases, the courts held that the Indiana and Pennsylvania statutes, respectively, did not meet the requirements of due process because the taxing authorities were not required to notify mortgagees, who had a legally protected property interest in the mortgaged property, when that property was sold for nonpayment of taxes.

12

lose their equitable interest in the Property without the notice required by "the [D]ue [P]rocess [C]lause of the United States Constitution."[11]  Purchasers' Brief at 7. There are several flaws in this argument.

Owner's objection petition was not a secret.  Rather, it was a matter of public record available to the world, as are all filings on a court's docket.  The simple answer to Purchasers' complaint is that it was appropriate to expect them to file a timely intervention petition if they desired to participate in Owner's objection petition.  The hearing on Owner's objections was held four months after the sale of the Property.  It was Purchasers' responsibility during that period, periodically, to check the court docket or touch base with the Tax Claim Bureau.  Instead, Purchasers waited until after the tax sale of Owner's property was set aside to take action by appealing to this Court.

Purchasers' complaint starts from a flawed premise, *i.e.*, that persons with an interest sufficient to confer standing in a litigation matter are entitled to direct and personal notice of that litigation.  They cite no authority for this extreme proposition.  If they are correct, then it would be the duty of every plaintiff to look for and give notice to any person that might wish to intervene.  Simply, this is not the law. *See, e.g.*, PA. R.C.P. No. 402 (requiring original process to be served on the defendant); PA. R.C.P. No. 440(a)(1) ("[c]opies of all legal papers other than original process filed in an action or served upon any *party* to an action shall be served upon every other *party* to the action") (emphasis added).  The Rules of Civil Procedure do

_____

These cases are inapposite.  First, Purchasers are not lien creditors.  Second, Purchasers' appeal does not concern notice of the tax sale but whether they were entitled to participate in Owner's objections to the tax sale without having to file an intervention petition.

[11] It states, in relevant part: "nor shall any State deprive any person of life, liberty, or property, without due process of law[.]"  U.S. CONST. amend. XIV, §1.

13

not require service upon persons who may, or may not, desire to participate as a party in a civil proceeding.

Likewise, due process does not require persons with an interest in litigation sufficient to confer standing to be served with notice of that litigation. It seems clear that Purchasers' inchoate, or "equitable," interest in the Property was sufficient to give them standing to participate in Owner's objection proceeding had they intervened. *Husak v. Fayette County Tax Claim Bureau*, 61 A.3d 302, 310 (Pa. Cmwlth. 2013); *Shipley v. Tax Claim Bureau of Delaware County*, 74 A.3d 1101, 1106-07 (Pa. Cmwlth. 2013). Purchasers chose not to do so. Purchasers essentially argue that their equitable interest in the Property entitled them to automatic party status and excused them from having to file an intervention petition. Purchasers offer no authority for this proposition, and we reject their claim that due process obligates owners to keep successful bidders or other putative intervenors advised of their objections to a sale of their property at a tax sale.

There is no merit in Purchasers' argument that they were indispensable parties to the proceeding in Owner's objections to the tax sale and, thus, not required to file a timely intervention petition in order to participate in that hearing. Our holding in *Clinton County*, 915 A.2d at 723, is binding precedent and dispositive of this issue on appeal.

A tax sale must be set aside where the tax claim bureau cannot prove strict compliance with the notice provisions of the Tax Sale Law. *Sampson*, 151 A.3d at 1168. Here, the Tax Claim Bureau, by its counsel, admitted that it could not prove that Owner received the statutory notices of the upset tax sale. In addition, the parties presented an on-the-record settlement of Owner's challenge to the tax

14

sale of his Property.  On this record, the trial court was required to set aside the tax sale of Owner's Property and did not need to hear, first, from Purchasers.

For these reasons, we affirm the trial court.

_____
MARY HANNAH LEAVITT, President Judge Emerita

IN THE COMMONWEALTH COURT OF PENNSYLVANIA

In Re: Lehigh County Tax Claim     :
Bureau Upset Sale     :
of September 19, 2018     :
     :   No. 169 C.D. 2020
Appeal of: Marek Tchorzewski and     :
Anthony Malinowski     :

# **O R D E R**

AND NOW, this 20th day of September, 2021, the order of January 13, 2020, of the Court of Common Pleas of Lehigh County is hereby AFFIRMED.

_____
MARY HANNAH LEAVITT, President Judge Emerita